GEORGE A. BALLARD, APPELLEE, V. PRENTISS D. CHENEY, APPELLANT.

1. **Practice in Supreme Court:** PRINTED ABSTRACT OF RECORD. The act of 1885 requiring abstracts of causes in the supreme court to be made, requires such abstract to be so made as to set forth so much of the case "as is necessary to a full understanding of all questions presented to the court for decision," and so far as the examination of the case by the court is concerned is to take the place of the transcript and bill of exceptions. The court does not look beyond the abstract. All parts of the cause omitted therefrom are treated as not in the case.

2. **Specific Performance.** In 1879 certain real estate was sold on time, the notes for the installments of the purchase price given by the purchaser were made payable at a particular bank. The contract declared time to be an essential element, and on the failure of the purchaser to perform, a forfeiture should ensue. One of the requirements of the contract was that the purchaser should not allow the land to be sold for taxes. The notes for the installment due in October, 1882, were never sent to or left at the bank where payment was to be made. The vendor was a non-resident of the state. The money to pay the installment was not left at the place of payment until in March, 1883. On the 8th day of October, 1882, the vendor purchased the land at tax sale, but redemption was soon after made by the purchaser. The notes due in 1883 were never sent to or left with the bank at which payment was to be made, but the money was left there for their payment before their maturity. On the 16th day of June, 1884, the vendor never having sent any of the notes to the place of payment, and having declined to receive the money left there for him, and after valuable improvements had been made on the land, offered to return the unpaid notes, and declared the contract forfeited. *Held,* That the purchaser was not in default and was entitled to the performance of the contract.

3. **Payment:** PLACE OF PAYMENT. When a bank is designated as the place at which a purchase-money note is to be paid, the maker is not in default in not paying the same until the note is received at the bank. *Robinson v. Cheney,* 17 Neb., 673.

APPEAL from Johnson county district court. Heard below before BROADY, J.

*L. W. Colby* and *Everest & Waggener,* for appellant.

*T. Appelget & Son,* for appellee.

REESE, J.

This cause is submitted upon an imperfect abstract of the record. In many respects it is simply a brief digest or index of the transcript and bill of exceptions. The appellee, following the course of the appellant, makes his principal references to the record, ignoring in many essential parts of the case the abstract.

Counsel on both sides seem to have lost sight of the purpose of the law requiring abstracts, and depend upon the court to spend the time which is not at its disposal in reading the whole record of the case. The object of the legislature in passing the law of 1885 (Laws 1885, Ch. 95, § 586, Civil Code), as plainly expressed in the act, was to require the abstract to set forth so much of the record "as is necessary to a full understanding of all questions presented to the court for decision," in order that the questions might be so presented as to enable the court to pass intelligently upon such as demand attention, and yet not be required to devote its time in reading or examining the voluminous records made in the trial of the cause, thus enabling the court to dispose of the large and rapidly increasing business demanding attention. It is not contemplated that the transcripts or bills of exceptions shall be looked into for any purpose, except in cases where conflicting abstracts are presented, in which event the transcript and bill of exceptions will be examined only so far as n.ay be re quired to settle disputed questions thereon, and ascertain to whom the additional costs shall be taxed. In all cases when the parties can agree upon an abstract as fairly presenting the case no transcript or bill of exceptions is necessary, and much of the expense of the preparation of causes

for review may be obviated. The act above referred to, and which may be found at page 375 of the session laws of 1885, conferred upon the court the authority to prescribe and publish such rules of practice and forms as may be necessary to carry out the provisions of the law. This duty has been performed, and the rules and forms have been published and are also embodied in the bar docket of the present term of court. Especial attention is called to rules eight to fifteen inclusive. By an observance of the statute and these rules of court all confusion and uncertainty in the presentation of causes may be avoided, and the rights of litigants protected.

These observations are not made for the purpose of reflecting in any manner upon the able counsel presenting this case, for we find that the bar throughout the state have, in many instances, fallen into the same erroneous opinions concerning the object of the law, but for the purpose of calling the attention of attorneys to the requirements of the law upon this subject.

The action in this case is one for the specific performance of a contract for the sale of real estate, and is in almost all respects similar to *Robinson v. Cheney*, 17 Neb, 673. .In that case the plaintiff, Robinson, prior to his purchase, held under a lease. Such does not appear to have been the case here. The contracts of sale are substantially the same, and what is said in that case in the opinion written by the present chief justice, MAXWELL, in reference to the construction of that contract need not be repeated here, as we fully approve all that is there said upon that branch of the case. The contract, therefore, was a contract of sale and not of lease.

It is insisted that since the time in which the several installments of the purchase money was to be paid was made the essence of the contract, and that by its terms an installment of about $74.00, due the 22d day of October, 1882, was not paid nor offered until in March, 1883, and

Ballard v. Cheney.

the allowance of the land to be sold for taxes in 1882 was gross negligence on the part of plaintiff, and that he thereby forfeited all rights under the contract. As in *Robinson v. Cheney, supra,* the notes for the unpaid part of the purchase price were all made payable at the office of Russell & Holmes, at Tecumseh. And, as in that case, they were not sent there for payment to be made. It follows, therefore, that, as held in that case (p. 680), "until the notes were sent to Russell & Holmes the plaintiff was not required to pay the same, and the failure to so send them is a waiver of the condition." There was then no default in the payment of the installment spoken of which would work a forfeiture of the contract. Subsequent installments were left at the office of Russell & Holmes before they became due. As to the payment of the taxes, the abstract leaves us in some doubt as to when they were paid. Plaintiff testified that he paid the taxes on the land for the years 1880, 1882, and 1883, and produced the receipts therefor; also a certificate of redemption for 1881. Defendant testified that he bought the land for the tax of 1881, for $12.58. It may therefore be presumed that the certificate of redemption referred to in the testimony of plaintiff for the taxes of 1881 was the redemption from the purchase of defendant. This purchase was made on the 8th day of November, 1882, by defendant. As the sale of real estate for delinquent taxes began by law on the first Monday of that month, it must be that defendant purchased the land at the first opportunity offered. It cannot be supposed that at that time he considered the contract forfeited and the land his, or he would not have purchased it for taxes. Neither can we suppose that he presumed he could thus, by an act of his own, work a forfeiture of the rights of plaintiff. It is true that at that time the installment due October 22d, 1882, had not been paid, but it is equally true that he had waived any right to take advantage of this omission by failing to have the notes at the place of payment. It is somewhat

strange that he should have the notes drawn payable at the office of Russell & Holmes, and then fail to send any of them there for payment. Being a non-resident of the state it would seem quite reasonable that a place of payment should be designated in the notes, but quite unreasonable that the notes should not be at the place of payment if it was his purpose to insist upon a strict compliance with his contract, *unless* his design was to induce plaintiff to believe the condition was waived, and thereby induce him to fail in some requirement of the contract, in order that the forfeiture might be declared, and the property, with the improvements of the value of $450.00 and the purchase money already paid, wrested from the plaintiff. This latter supposition cannot be adopted for the reason that such a course would be so essentially dishonest as to repel the idea. Furthermore it is shown that the notes for the remainder of the purchase price were not returned to plaintiff until the 16th day of June, 1884, long after the fourth installment was due and the money deposited with Russell & Holmes to pay it, and eighteen months, perhaps, after the redemption from the tax sale, and of all of which the defendant had, or might have had if he so desired, full notice. It may also be said that at the time the defendant sought to rescind the contract plaintiff was not in default in any particular. His previous failures, brought about perhaps by the failure of defendant to comply with the implied contract upon his part, had all been corrected by full payments. Again, it is shown that during the time intervening between the maturity of the notes in October, 1882, and the 16th day of June, 1884, the improvements spoken of were being made upon the land, and of which defendant doubtless had knowledge, and which, by his silence, were encouraged, and which would naturally tend to make plaintiff rely upon the security of his investment.

It is clear that by the conduct of defendant he waived the strict compliance with the conditions of the contract as

now contended for, and that the question of the forfeiture by plaintiff of the contract, by any failure on his part to comply with its terms, does not arise, and that the decree of the district court is correct. It is affirmed.

DECREE AFFIRMED.

THE other judges concur.