ART ELIZA ALEXANDER, PLAINTIFF AND APPELLANT,
v. JANE Y. IRWIN, DEFENDANT AND APPELLEE.

1. **Practice in Supreme Court:** ABSTRACTS. The act of 1885, requiring abstracts of cases in the supreme court to be made, requires such abstracts to be so made as to set forth so much of of the case as is necessary to a full understanding of all questions presented to the court for decision, and, so far as the examination of the case by the court is concerned, is to take the place of the transcript and bill of exceptions. The court does not look beyond the abstract. All parts of the cause omitted therefrom are treated as not in the case. *Ballard v. Cheney*, 19 Neb., 58.

2. **Presumption.** All presumptions are in favor of the regularity of the proceedings of the district court. Error is never presumed.

APPEAL from the district court of Otoe county. Heard below before POUND, J.

*Charles W. Seymour*, for appellant.

*J. R. Webster*, for appellee.

REESE, J.

This action was instituted in the district court of Otoe county for the purpose of quieting plaintiff's title to the real estate described in her petition, or in case the court should hold the title to be invalid, then for the foreclosure of plaintiff's lien for the taxes paid under purchase for the years 1861, 1862, 1863, 1864, 1865, 1866, 1867, 1868, 1869, 1870, 1871, 1872, 1873, 1874, 1875, 1876, 1877, 1878, 1879, and 1880. The cause was tried and decree rendered on the 23d day of April, 1886, by which decree it was adjudged that plaintiff's title had failed and his lien for the taxes of all the years mentioned, except 1861, 1862, 1863, 1865, 1867, 1868, 1869, and 1870 was foreclosed and the land ordered to be sold to satisfy the amount due, which was $868 05. This sum was paid into court by defendant,

and plaintiff appeals from that part of the decree which finds the taxes for the years last named to be void. Defendant also appeals from the decree against her, but as she has paid the amount found due, and thus satisfied the decree to that extent, no further notice need be taken of the decree in so far as it was in favor of plaintiff.

Plaintiff's abstract of the record furnishes a fair synopsis of the pleadings and decree, but no light is given as to the testimony before the district court. We are therefore unable to say upon what ground the court found the taxes, alleged to have been paid, to be void. There is no proof before us that any taxes were ever levied or collected for the years mentioned, or that any assessment was ever made. It is the plaintiff who complains of the decision, and upon her lies the burden to show that the decision should have been different. In order to do this it was necessary to furnish an abstract of the testimony, as it is to that we must look. *Ballard v. Cheney*, 19 Neb., 58. In that case it was held that, " The act of 1885 requiring abstracts of cases in the supreme court to be made, requires such abstracts to be so made as to set forth so much of the case as is necessary to a full understanding of all questions presented to the court for decision, and so far as the examination of the case by the court is concerned, is to take the place of the transcript and bill of exceptions. The court does not look beyond the abstract. All parts of the cause omitted therefrom are treated as not in the case."

Every presumption is in favor of the regularity of the proceedings in the trial court, and that the finding and decree are sustained by the evidence.

The decree of the district court is therefore affirmed.

DECREE AFFIRMED.

The other judges concur.