NORTH PLATTE WATER-WORKS COMPANY v. CITY OF NORTH PLATTE.

FILED MARCH 3, 1897. No. 7470.

1. **Review:** PRINTED ABSTRACT: TRANSCRIPT. The supreme court cannot for any purpose look into the record certified here by the clerk of the district court when the case under review has been submitted on a printed abstract in pursuance of its rules.

2. **Municipal Corporations:** WATER-WORKS: CONTRACTS. The city council of the city of North Platte, in July, 1887, by virtue of subdivision 15, section 69, chapter 14, Compiled Statutes, 1887, was authorized to contract with a corporation to erect and maintain within the limits of said city a system of water-works and supply said city and its inhabitants with water; and to levy annually, on all the taxable property of said city, a tax of seven mills on the dollar to pay for the water furnished said city under such contract.

3. ———: ACTION FOR WATER RENTS: PLEADING. In a suit against said city to recover water rents alleged to be due upon such a contract it is not necessary for the plaintiff to plead such statute.

4. ———: WATER RENTS: TAXATION. If the revenue derived in any one year from a seven-mill levy should prove insufficient to pay the water rental accruing in said year under such a contract, whether the city would be liable for such deficiency not decided.

5. ———: ———: PLEADING. *Held,* That the petition in the case at bar states a cause of action.

ERROR from the district court of Lincoln county. Tried below before NEVILLE, J. *Reversed.*

*Wilcox & Halligan* and *Marston & Marston,* for plaintiff in error.

*French & Baldwin, contra.*

RAGAN, C.

The North Platte Water-Works Company, hereinafter called the "water company," in the district court of Lincoln county, sued the city of North Platte to recover a sum of money which it alleged was due it from the city for hydrant rentals. To the petition of the water company the city interposed a general demurrer, which was by the court sustained and the petition of the water company dismissed. To reverse this judgment of the district court the water company has prosecuted here a petition in error.

1. The case has been advanced under rule 2 of this court and submitted to us on a printed abstract of the record. The sole question presented is whether the petition of the water company states a cause of action. The petition quoted in the abstract alleges: "That the water company is a private corporation and the city a municipal corporation of the state; that on the 14th day of July, 1887, the city and the water company entered into a contract in and by which the water company was to construct in said city a system of water-works and operate the same, and to rent to the city forty-five hydrants for twenty years, for which the city was to pay an annual rental of $65, payable in January and July of each year; that the water company constructed its water-works and the city accepted the same, and that the water company had since maintained and operated its works in accordance with the terms of its contract with the city; that in the year 1889, at the request of the city, the water company extended its mains and placed thereon six additional fire hydrants, for which the city agreed to pay an annual rental of $40 each, payable semi-annually on the first days of January and July of each year; that there is due the plaintiff from the defendant, and unpaid, under the terms of said contract, the sum of $4,235.43, with interest from July 1, 1893, at seven per cent; that the assessed valuation of the taxable prop-

erty of said city in 1886 was $410,548.69, and a levy of 5 mills produced $2,052.74; in 1887 was $454,612.74, and a levy of 5 mills produced $2,273.06; in 1888 was $479,580, and a levy of 5 mills produced $2,397.90; in 1889 was $398,560, and a levy of 5 mills produced $1,992; in 1890 was $438,067, and a levy of 5 mills produced $2,190.33; in 1891 was $419,482, and a levy of 5 mills produced $2,097.41; in 1892 was $438,086, and a levy of 5 mills produced $2,190.43; in 1893 was $478,826, and a levy of 7 mills produced $3,351.78; that all of said levies were made by the proper authorities, and were made for the sole purpose of paying the amounts due the plaintiff for said water rental, and amounted in the aggregate to the sum of $18,545.65, and that had it been applied to the payment of said rental nothing would have been due the plaintiff; that the plaintiff has at all times complied with the terms of its contract, and prays judgment for $4,235.43, with interest from July 1, 1893, and costs." Exhibit B, made part of the petition, shows that the hydrant rental earned by the plaintiff from November 3, 1888, to July 1, 1893, was $14,490. "That the amount paid by the defendant of such earnings from time to time was $10,674.80; that the balance due July 1, 1893, of principal was $3,815.20, with interest on deferred payments amounting to $420.43, making the amount due plaintiff from defendant July 1, 1893, $4,235.63."

2. Counsel for the city say that the petition does not state a cause of action, because the petition shows that the contract sued upon was one made between the city and the American Water-Works Company, and the petition does not show that the water company has succeeded, by assignment or otherwise, to the rights of the American Water-Works Company. We have not opened the record certified here by the clerk of the district court of Lincoln county, nor can we do so for any purpose whatever in this case. This action is submitted to us, as already stated, upon a printed abstract, under rule 2 of this court, and in such a case we must look, and look

only, to the printed abstract. The petition of the water company quoted in this abstract alleges that the contract sued upon was made between it and the city, and nowhere in the abstract is any reference made to the American Water-Works Company. For the purposes of this opinion, therefore, we must conclusively presume that the contract sued upon was entered into between the city and the water company. (*Closson v. Rohman,* 50 Neb., 323.)

3. Another contention of counsel for the city in support of the judgment of the district court is that the facts averred in the petition do not show that the city had authority to make the contract with the water company sued upon in this action. At the time the contract in suit was executed the city of North Platte was governed by chapter 14, Compiled Statutes, 1887. Subdivision 15 of section 69 of that chapter in express terms authorized the city council of the city to make contracts with and authorize any person, company, or corporation to erect and maintain a system of water-works and water supply; to give such contractors the exclusive privilege for a term not exceeding twenty-five years, of using the streets and alleys of the city for water mains and supply pipes; and to furnish water to such city and the residents thereof, under such regulations as to supply and price as the city council might prescribe by ordinance. Said section further authorized in express terms the city council of said city to levy and collect a general tax, not exceeding seven mills on the dollar in any one year, on all the taxable property within the city, to pay for water furnished the city under such a contract. This was a general statute, of which the courts of the state are bound to take judicial notice, and it was not necessary for the water company to plead the statute in its petition herein.

4. Another contention of counsel for the city is to the effect that the petition does not state a cause of action, because it shows that for the year 1889, and since to the

bringing of this suit—October, 1893—the annual water rental fixed by the contract amounts to $3,165, and that a seven-mill levy upon all taxable property of the city for the year 1889, and each year since, would yield a less sum than the water rental fixed by the contract. It may be that if a seven-mill levy upon all the taxable property in the city for any year would not produce sufficient revenue to discharge the water rental of that year, that the city would not be liable for the deficiency; but that question is not presented by this record. The petition of the water company here declares for a balance due it on water rents from November 3, 1888, to July 1, 1893; and it is apparent from the petition that a levy of seven mills upon the taxable property of the city for the years 1888, 1889, 1890, 1891, and 1892 would yield a revenue of $15,-226.42; and the petition avers that for those years the water rentals accruing to it were only $14,490; or that the water rentals were less than the revenue that could have been raised by a levy of seven mills upon the taxable property for the time. The petition further alleges that there have been paid to it on the water rental for said time $10,674.80. Deducting this from the revenue that would have accrued from a seven-mill levy, the petition alleges, in effect, that there was at the time the suit was brought $4,552.62 in the treasury applicable to the payment of the water rents. The petition, therefore, states a cause of action. The court erred in sustaining the demurrer. Its judgment is reversed and the cause remanded.

REVERSED AND REMANDED.