DAVID C. ZINK V. EDGAR M. WESTERVELT, RECEIVER,
ET AL.

FILED JUNE 15, 1897.    No. 8123.

Review: ABSTRACT. In a case submitted under rule 2, under an agreed
    printed abstract, this court will not look beyond the abstract; and
    to entitle the complaining party to a review of the judgment
    sought to be reversed the stipulation which identifies the record
    must show the rendition of a final judgment.

ERROR from the district court of Hall county. Tried
below before KENDALL, J. *Proceeding in error dismissed.*

W. H. Thompson and W. A. Prince, for plaintiff in error.

O. A. Abbott, Smith & Sheean, and Charles G. Ryan, con-
tra.

RYAN, C.

This cause was submitted on an agreed printed ab-
stract under that portion of rule 2 which provides that a
cause may be submitted at any time upon a written stip-
ulation of the parties. This abstract began with a state-
ment that on August 18, 1894, there was filed in the office
of the clerk of the district court of Hall county a petition
which was set out *in hæc verba.* In like manner were
described other pleadings. These pleadings were fol-
lowed by what is termed a decree, and a motion for a
new trial ending with a journal entry, reciting the ruling
on said motion for a new trial, and an exception thereto.
At the close of the abstract is printed the following stipu-
lation, which is the only one signed by the parties liti-
gant: "The above and foregoing constitute the pleadings
in this cause, and it is hereby agreed by and between the
parties hereto that said cause may be submitted to the
supreme court upon a printed abstract containing the
pleadings as hereinbefore set forth." It is required by
rule 2 that in the stipulation for a submission thereunder

there shall be contained an agreed printed abstract of the record. By the provisions of section 586, Code of Civil Procedure, a final judgment or a final order is recognized as an indispensable part of a record. In a case submitted under the provisions of rule 2, above noted, we have no means of determining what part of the record. has in fact been brought up, except as we are advised by the written stipulation of the parties. (*Closson v. Rohman*, 50 Neb., 323.) Under a similar rule prescribed by the statutes of 1885 (Session Laws, p. 376, ch. 95, sec. 2) this construction was enforced in *Ballard v. Cheney*, 19 Neb., 58. In the stipulation above quoted there is identified nothing but the pleadings. There is no reference to a journal entry or to a final judgment. These proceedings are therefore

DISMISSED.