JENNIE T. SHEWELL, APPELLEE, V. CITY OF NEBRASKA CITY ET AL., APPELLANTS.

FILED JUNE 15, 1897.    No. 8180.

Review: ABSTRACT. In a case submitted on an agreed printed abstract under rule 2, the court will not look beyond the abstract, and if it appears from that abstract that evidence was introduced, the nature of which is not disclosed, it will be presumed to have been of such a character as to sustain the finding of the district court.

APPEAL from the district court of Otoe county. Heard below before CHAPMAN, J.  *Affirmed.*

*C. W. Seymour*, for appellants.

*John C. Watson, contra.*

IRVINE, C.

This was an action by Mrs. Shewell against the city of Nebraska City to restrain the latter from grading a sidewalk abutting the premises of plaintiff. The case is submitted on an agreed printed abstract under rule No. 2. The district court found generally for the plaintiff and granted the injunction. The plaintiff in her petition alleged, among other things, that there had been no appraisement of damages prior to the attempted action of the city in actually lowering the grade of the sidewalk. The answer pleads an appraisement and an award by the

appraisers confirmed by the council, that no damages were sustained. In a case submitted in this manner we cannot look beyond the printed abstract. (*Closson v. Rohman*, 50 Neb., 323.) The abstract discloses that on the issue referred to certain documents with relation to an appraisement were offered in evidence; but the documents themselves do not appear. There is, also, certain parol testimony to the effect that there was an appraisement, but this was certainly incompetent for the purpose of showing the validity of such appraisement. The power to grade streets is conferred on cities of the class of Nebraska City by chapter 13*a*, article 2, section 68, Compiled Statutes, which contains the following proviso: "That no street, avenue, alley, or lane shall be so graded until the damages to property owners, if any, shall be ascertained by three disinterested freeholders, to be appointed by the mayor and council, and the proceedings to be the same in all respects as in this act provided for in cases of change of grade." The general power of the city to grade or change the grade of a street, including the sidewalk space, on so ascertaining and paying the damages to property owners cannot be questioned, but the want of power to do so until such damages are ascertained and paid is equally clear. The fact of the appraisement being in issue, and the abstract not disclosing the evidence on that issue, we must presume that it was of such a character as to warrant the finding and judgment of the district court; that is, that it disclosed that the attempted appraisement was void.

AFFIRMED.