GRAND LODGE ANCIENT ORDER UNITED WORKMEN V. ANNIE O. HIGGINS.

55   741<br/>
58   220

Filed September 23, 1898. No. 9532.

Printed Abstracts: Review. Under section 1 of rule 2 of this court (52 Neb. ix.) the agreed printed abstract must be complete in itself, without reference to the transcript, and, when error does not affirmatively appear from an examination of such abstract, the judgment sought to be reviewed will be affirmed.

Error from the district court of Douglas county. Tried below before Powell, J. *Affirmed.*

*James W. Carr,* for plaintiff in error.

*Matthew Gering* and *Arthur C. Wakeley, contra.*

Norval, J.

A submission of this case was taken under section 1 of rule 2 (52 Neb. ix), which provides, *inter alia,* that any cause may be submitted "upon the written stipulation of the parties thereto providing for such submission on printed briefs accompanied by or containing an agreed printed abstract of the record and evidence upon which the case is to be determined."

An abstract of the testimony, signed by the parties, has been printed, and in no other respect has there been an attempt to comply with the requirements of said section of the rule. Neither the pleadings and journal entry of the judgment nor abstracts thereof have been printed. We cannot look beyond the abstract and examine the transcript, but must determine the case upon the abstract alone; and, unless error affirmatively appears therefrom, the judgment must be affirmed. (*Closson v. Rohman*, 50 Neb. 323; *North Platte Water Works Co. v. City of North Platte*, 50 Neb. 853; *Home Fire Ins. Co. v. Skoumal*, 51 Neb. 655; *Wheeler v. Barker*, 51 Neb. 847; *Shewell v. City of Nebraska City*, 52 Neb. 138; *Zink v. Westervelt*, 52 Neb. 90.) The rule requires an agreed printed abstract of the record and evidence, and the printing of an abstract of the evidence alone is not sufficient. We cannot know the issues tendered by the pleadings, what errors were assigned in the motion for a new trial, or what was the judgment rendered, without reference to the transcript; and, under the authorities cited, we cannot examine the transcript for any purpose. In the absence of a printed abstract of the record the errors assigned cannot be reviewed. The judgment is

AFFIRMED.