## EUGENE O'NEILL v. NELLIE C. FLOOD.

FILED MARCH 8, 1899.  No. 9130.

1. **Review: ABSTRACT OF RECORD.** In a cause submitted under section 1 of rule 2 of the supreme court on an agreed printed abstract the court will not look beyond the abstract, and unless error affirmatively appears therefrom the judgment below will be affirmed.

2. ———: ———. Where a cause brought to this court on error is submitted under section 1 of rule 2, the printed abstract must

O'Neill v. Flood.

include the petition in error, or an abstract of the assignments of error therein contained, and a failure in that regard will work an affirmance of the judgment.

ERROR from the district court of Douglas county. Tried below before SCOTT, J. *Affirmed.*

*G. W. Doane, W. G. Doane,* and *J. J. Boucher,* for plaintiff in error.

*Lee Helsley* and *George W. Shields,* for defendant in error.

*Nelson H. Tunnicliff, Elmer E. Thomas,* and *James P. English,* for heirs of Isabella O'Neill, deceased.

NORVAL, J.

This is an error proceeding to review the judgment of the district court of Douglas county. The cause was submitted to this court under section 1 of rule 2, providing, *inter alia,* for the submission of a cause at any time upon written stipulation of the parties on printed briefs, accompanied by, or containing, an agreed printed abstract of the record in the cause upon which the case is to be determined. The transcript of pleadings and proceedings as certified by the clerk of the court below only has been printed, which the parties stipulated is a true and correct printed abstract of the record in the cause. Neither the assignments of error nor an abstract thereof has been printed, which is a non-compliance with said section of the rule. The rule contemplates and requires more than the printing of an agreed abstract of the transcript lodged in this court. There must be printed an agreed abstract of the record, which means the record in this court, and, in a case brought here for review on error, includes the petition in error. Such pleading is an essential part of the record. It is well settled by repeated adjudications that where a cause is submitted under said section of rule 2 the court will not look beyond the abstract; that is,

the abstract must be so complete in itself as to require no examination of the record to determine the questions sought to be presented. (*Closson v. Roman*, 50 Neb. 323; *North Platte Water-Works Co. v. City of North Platte*, 50 Neb. 853; *Home Fire Ins. Co. v. Skoumal*, 51 Neb. 655; *Wheeler v. Parker*, 51 Neb. 847; *Shewell v. City of Nebraska City*, 52 Neb. 138; *Zink v. Westervelt*, 52 Neb. 90; *Grand Lodge A. O. U. W. v. Higgins*, 55 Neb. 741.) It logically follows from the foregoing cases that we cannot examine the petition in error, and as neither it nor an abstract of the assignments of error therein contained has been printed, no question is presented for review. The judgment is accordingly

AFFIRMED.