JOE HILGER, APPELLANT, v. CITY OF NEBRASKA CITY ET AL., APPELLEES.

FILED DECEMBER 4, 1914. No. 17,854.

1. **Municipal Corporations: GRADING OF STREETS: INJUNCTION.** The pleadings and evidence examined, and found to sufficiently support the decree of the district court.

2. ———: ———: RIGHT TO DAMAGES. The mere establishment of a grade of the streets in a city does not damage the property which would be affected by the change in the physical grade of the streets. It is the change in the surface of the streets which

creates the damage, if any, and for which the allowance of damages must first be provided. If no change is ever made or undertaken, there is no damage.

3. ——: ——. Where the grade of the streets of a city has been established and the level of the street reduced in part to the grade, and only a limited expense would be incurred in finishing the grade, the work may be completed by the city authorities without the formality of requiring an estimate to be made by the city engineer, bids advertised for, assessment of damages made, and special taxes levied. Where the work to be done is so slight, it may be done by the city under the direction of the proper officer thereof and payment therefor made from the proper revenues of the city.

4. ——: ——: DAMAGES: LIMITATIONS. The statute of limitations will not begin to run against a lot owner suffering damage from the establishment of the grades of adjacent streets until some action is taken by the city to change the streets to the grade.

APPEAL from the district court for Otoe county: HARVEY D. TRAVIS, JUDGE. *Affirmed.*

*W. F. Moran,* for appellant.

*Andrew P. Moran* and *John C. Watson,* contra.

REESE, C. J.

Action for an injunction to restrain the defendant city from grading a portion of Tenth street to what is known as the "Rosewater grade" thereof, and by which it is alleged plaintiff's property will be seriously damaged. It is alleged in the petition, in substance, that the city is a municipal corporation having a population of between 5,000 and 25,000, and is being governed under the commission form of government, provided by the statutes of the state, and that defendant Hawley is one of the commissioners; that plaintiff is the owner of lots 1 and 2, in block 94, in said city; that Tenth street extending between First and Second corsos adjoins said property on the east (First corso adjoining it on the north), and that said property is improved, buildings erected thereon, sidewalks built, and shade trees planted with reference to the surface grade of the street; that the surface of the street had been es-

tablished by user and common consent for many years;
that defendant Hawley, claiming to act as one of the com-
missioners under the authority of said city, is attempting
to grade said street, lowering the surface thereof to what
is known as the said "Rosewater grade," cutting down
and threatening to lower the street more than three feet;
that no ordinance nor resolution was passed by the com-
missioners of said city directing the grading or lowering of
the grade of said street, no petition having been filed there-
for; that no estimate of the expense of lowering the grade
was made, nor any provision made for the payment of the
same; that no bids had been advertised for, and no ap-
praisement of plaintiff's damages had been made nor the
amount of damages tendered; that the lowering of the
street would destroy plaintiff's shade trees, render his
alley inaccessible, and leave his sidewalk on a high bank;
that plaintiff's property would be greatly damaged, and
for which he had no remedy at law. A restraining order
was issued by the county judge, which continued in force
until the trial of the cause.

The defendant city answered, objecting to the petition
as failing to state facts sufficient to constitute a cause
of action; alleging that plaintiff had an adequate remedy
at law; admitting that plaintiff was a citizen and taxpayer
of the city, and was the owner of the property described
in the petition; that the city is operated under the com-
mission form of government, with a population as stated
in the petition, and denying all other averments thereof;
alleging that the grade of the street had been established
long before plaintiff's purchase of the property involved
and before any lasting improvements were made thereon;
that the improvements were made with full knowledge of
the existence of the established grade; that plaintiff and
his grantors had waived any right to damages by their
failure to demand compensation when the grade was es-
tablished; that the street had been used by the public for
more than 40 years, during which time it had been worked
and graded as occasion required. The defense of the stat-

ute of limitations is also presented. Plaintiff replied by a general denial.

The school district of Nebraska City applied for leave to intervene upon the ground that the question involved was one of interest to the district. Its intervention was permitted by the court, over the objections of plaintiff. By its pleadings it is alleged that on the 25th day of May, 1891, the city council enacted an ordinance creating grading districts, plaintiff's property being included therein, "having previously passed ordinance No. 122 establishing the general grade throughout said city;" that defendant Hawley, as one of the city commissioners, had charge of the streets and alleys of the city; that Joseph Walker, a defendant, is only an employee of the city in reducing the grade under the directions of commissioner Hawley; that the school district had erected a valuable high school building on the side of the street opposite plaintiff's property, and it was the desire of the district that the walks be brought to grade to protect the high school grounds from water draining upon and over said grounds and injuring the school building; that plaintiff, being a recent purchaser of his lot, had full knowledge of the existence of the ordinance establishing the grade at the time of his purchase, and his grantors had waived any claim for damages; that by the long use of the street by the city and public an easement and the right to grade was created.

The cause was tried to the court, the trial resulting in a finding and decree that plaintiff was not entitled to all the relief demanded, but that he was entitled to an injunction against defendants restraining them "from grading plaintiff's property on the west side of Tenth street between First and Second corsos within the curb line thereof, being 12 feet from the lot line," with the proviso that the space may be graded after the city shall have made provision for the payment of the damages for such grade between the curb and lot lines. The restraining order was vacated, but the decree stands in plaintiff's favor as above indicated. Plaintiff appeals, and defendant city and intervener schoool district file a cross-appeal.

It is quite clear that the used part of Tenth street has on prior occasions been worked down to the extent of a few feet, with the intent to finally bring it to what is termed the "Rosewater grade," established in 1887. First corso has been brought to said grade. The declared purpose of defendant Hawley at the time he began the work, and from that time on, was to bring Tenth street to that grade, but no lower. The street, having been partially brought to grade, required an expenditure of only $120 to complete the leveling process. This seems to have been necessary for the protection of the public library and high school property, situated on the east side of Tenth street and opposite plaintiff's property, from the drainage and overflow from the street. It is claimed by plaintiff that the provisions of section 8601, Ann. St. 1911, should be applied. The section is an unusually long one and cannot be set out here, but we cannot agree with plaintiff in this particular. That part of the section which provides for the filing of petitions, the assessment and payment of damages to the lot owners refers to the creation, opening and improvement of streets, and is to be applied to new and constructive work, and, in order that there might be no misapprehension upon that subject, it is specifically provided that those provisions "shall not apply to ordinary repairs of streets or alleys,"" and provision is made for the payment of expenses growing out of such repairs without the levying of special taxes. ' The statute must receive a reasonable construction and application, and it would be unreasonable to hold that where a grade had been long established, as in this case, the street had been previously worked down to near the grade, and it is not deemed necessary to levy a special tax upon abutting property to pay the slight expense of bringing a portion of the street to such grade, the formalities provided by the section should be observed. In such light cases much is left to the judgment and discretion of the commissioner having the matter in charge. The order of the court protecting the rights of plaintiff in the matter of the space between the curb and his lot line is equitable, and will not be dis-

turbed. We have examined the cases of *Shewell v. City of Nebraska City,* 52 Neb. 138, and *Hurford v. City of Omaha,* 4 Neb. 336, and cannot see that they are in point, or that they control this case.

The contention by cross-appellants that plaintiff had an adequate remedy at law, if any remedy at all, and that he has mistaken his remedy, cannot be sustained. As it was correctly found that plaintiff was entitled to protection as against the invasion of his sidewalk space, which had never been molested by the city authorities, and that he was entitled to damages in case of such invasion, to be provided for prior thereto, it gave plaintiff a sufficient standing in a court of equity.

It is also claimed that plaintiff's right to damages is barred by limitation of time. This claim cannot be sustained. The mere establishment of the grade did not give plaintiff or his grantors a cause of action. His property may never have been molested. The cause of action, if one is created, is by the physical invasion of the property, and before that can be done his damage must be provided for.

While the decree may be said to be somewhat unusual in some respects it is equitable, and is

AFFIRMED.

LETTON, ROSE and SEDGWICK, JJ., not sitting.