34  125<br>53  212<br>53  430

GEORGE W. BURTON v. STATE OF NEBRASKA.

[FILED MARCH 2, 1892.]

1. **Criminal Law**: Costs: CANNOT BE TAXED TO COMPLAINING WITNESS ON DISMISSAL. S. was arrested on a charge of felony on complaint made by B. The accused waived examination and gave bond for his appearance at the next term of the district court, at which an information was filed by the county attorney for the crime charged in the complaint of B. Subsequently the prosecution was dismissed upon the motion of the county attorney, whereupon the court entered judgment against B. for the costs of prosecution. *Held*, Error.

2. ———: REVIEW: A MOTION TO RETAX COSTS IS NOT NECESSARY in such case in order to entitle B. to have the judgment against him reviewed in this court.

ERROR to the district court for Harlan county. Tried below before GASLIN, J.

*W. S. Morlan*, for plaintiff in error, cited: *State v. Ensign*, 11 Neb., 529; *Colby v. Berger*, 13 Id., 463.

*C. C. Flansburg*, contra, cited, contending that a judgment for costs was not a sufficient foundation for error proceedings: *Sprick v. Washington County*, 3 Neb., 255;

*Nichols v. Hail,* 5 Id., 195; *Riddle v. Yates,* 10 Id., 511; *Woods v. Colfax County,* Id., 552; *Cozine v. Hatch,* 17 Id., 696; *Whitall v. Cressman,* 18 Id., 508; *Wilkinson v. Carter,* 22 Id., 189; Civil Code, sec. 572; *Jacobs v. Morrow,* 21 Neb., 239.

POST, J.

The plaintiff in error made complaint before a magistrate of Harlan county against one Stewart, in which he charged the latter with the crime of stabbing with intent to kill. The accused waived examination and gave bond for his appearance at the next term of the district court for said county. At the term of the district court next following, to-wit, June, 1888, the county attorney filed an information against said accused, upon which he was arraigned and plead not guilty. By agreement the case was continued until the next term in December following, the accused giving bond for his appearance in the sum of $1,000. On the 18th day of October the county attorney entered a *nolle prosequi,* whereupon the prosecution was dismissed and judgment entered against the plaintiff in error for all of the costs. The following is a copy of the record in question:

"STATE OF NEBRASKA }
      *v.* }
  FRED STEWART. }

" October 18, 1888, the following proceedings were had:

" Now upon this day this cause came on for hearing, and thereupon came the county attorney and entered a *nolle* in this cause. It is therefore ordered by the court that this cause be and the same hereby is dismissed, and the defendant ordered to go hence without day. It is therefore considered by the court that the state have judgment against George W. Burton, prosecuting witness, for the costs in this action, taxed at $150.62, and execution is awarded therefor."

We cannot conceive upon what theory the district court acted in assessing the costs of prosecution to plaintiff in error. And but for the fact that the county attorney is defending the judgment in this court, we would be inclined to regard the record merely as a mistake on the part of the clerk to which the attention of the court had not been directed. By provision of section 322 Criminal Code, in prosecutions for misdemeanors within the jurisdiction of the magistrate, judgments for costs may be entered against the prosecutor in cases where there is a finding of malice or want of probable cause. We are not aware, however, of any statute by virtue of which a party, who has acted in good faith in filing a complaint for a felony, may in the district court be mulcted in the amount of the costs of prosecution. The judgment complained of is entirely erroneous.

It is urged by the county attorney in his brief that a motion to retax costs was necessary in order to give plaintiff standing in this court. We cannot agree with this view. Ordinarily the taxing of costs is a clerical act performed by the clerk and the presumption is that the action of the clerk has not been called to the attention of the court, hence this court will not as a rule review an order taxing costs until a motion to retax has been made and the trial court given an opportunity to correct the errors if any have been made. In this case the court has considered the question of the liability of plaintiff in error and deliberately determined that he is liable for the costs of prosecution. Here the reason of the rule is wanting. It would be an idle and useless form to ask the court to correct on the theory of a mistake or inadvertence of the clerk that which the record shows to have been the deliberate act of the court. The judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.

THE other judges concur.