HARTFORD FIRE INSURANCE COMPANY V. ANNA F. COREY
ET AL.

FILED DECEMBER 22, 1897.   No. 7650.

1. **Continuance.** The overruling of an application for continuance of a cause, based on the absence of a witness, is without prejudice when the person whose presence was desired was in court during the trial, placed on the witness stand, and was examined by the parties.

2. ——: AFFIDAVITS: REVIEW. Affidavits used in the court below on the hearing of a motion for continuance are not available on review, unless embodied in a bill of exceptions.

3. ——: PLEADING: LACHES. A defendant who, by leave of court, has been permitted to answer after the time fixed therefor by statute, is in no position to object to the case being placed on trial on the ground that the plaintiff has not replied, no order in reference to a reply having been made by the court.

4. **Leave to File Pleadings: LACHES.** The granting of permission to file a reply out of time, or during the trial, rests largely in the legal discretion of the trial court.

5. **Costs: MOTION TO RETAX: REVIEW.** A motion to retax costs is essential to obtain a review of a mistake, neglect, or omission of the clerk of the trial court in the taxation of costs, but such motion is unnecessary where the court has determined that a party is liable for certain costs and rendered judgment against him therefor. *Burton v. State,* 34 Neb., 125, followed.

6. ——: ATTORNEY'S FEES: INSURANCE: PLEADING. Where an attorney's fee is sought to be recovered in an action upon an insurance policy issued under the valued policy act of 1889, the same should be demanded in the petition, and the matter presented to the trial court. *German Ins. Co. v. Eddy,* 37 Neb., 461, followed.

7. ——: ——: ——: ——. In case an attorney's fee is not specifically prayed for in the petition, but the same is demanded in writing by plaintiff at the time of the rendition of the judgment, such act will be treated as an amendment of the prayer of the petition.

ERROR from the district court of Greeley county. Tried below before THOMPSON, J. *Affirmed.*

*Fyke, Yates & Fyke* and *T. P. Lanigan,* for plaintiff in error.

18

*M. B. Gearon, J. R. Hanna,* and *T. J. Doyle, contra.*

NORVAL, J.

Action by Anna F. Corey and Dora Corey upon a fire insurance policy. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant prosecutes error.

Immediately preceding the trial the defendant below applied for a continuance in order to procure the attendance of one Ethel Corbett as a witness, which application was denied. Complaint is now made of this ruling. The record discloses that the person above named was present at the trial, was placed upon the witness stand, and examined by plaintiff below and cross-examined by defendant. The court also informed counsel for the company that they might make Miss Corbett a witness for the defense, and when she was excused from the stand the court asked: "Do any of the parties want this witness any further during the trial?" To this inquiry counsel for plaintiffs and defendants, respectively, replied in the negative. It is obvious that there was no error committed in refusing to postpone the trial to procure the attendance of Miss Corbett.

After the impaneling of the jury the defendant a second time sought a continuance of the cause until the next term of court because of the absence of George Brewer, which motion was denied. This decision cannot be reviewed, for the reason the affidavit filed in support of the motion has not been embodied in the bill of exceptions. It is an inflexible rule that affidavits used in the trial court are not available in this court, unless preserved by means of a bill of exceptions. (*Ray v. Mason,* 6 Neb. 101; *Walker v. Lutz,* 14 Neb. 274; *Tessier v. Crowley,* 16 Neb. 372; *Graves v. Scoville,* 17 Neb. 593; *Burke v. Pepper,* 29 Neb. 320; *Strunk v. State,* 31 Neb. 119; *Korth v. State,* 46 Neb. 631; *Minick v. Minick,* 49 Neb. 89.)

On the answer day, which was March 4, 1895, the de-

fendant filed a general demurrer to the petition, which was overruled on the third day thereafter, and on application of the defendant it was given until the morning of March 8 to answer.  On request for further time to plead, it was ordered that answer be filed by the coming in of the court on the morning of March 9, at which time a general denial to the averments of the petition was filed.  Two days later, the day on which the trial began, an amended answer was filed, by leave of court, which pleaded affirmative matters as a defense.  It is insisted that the defendant was forced to trial before the statutory time for making up the issue had elapsed.  The argument is based upon the false assumption that the statute relating to the period in which a reply shall be filed in a cause is applicable to the facts disclosed by this record.  A demurrer wholly frivolous and intended for the evident purpose of delay was filed on the day which the statute designated for answering.  Subsequent to the overruling of this demurrer, a general denial was filed, which formed the issues of fact to be tried, and no reply was necessary.  That the court in its discretion subsequently allowed an amended answer to be filed raising other and different issues, did not give the defendant the right to object to the case being placed on trial at the time it was heard because the plaintiffs had not replied, since no order in reference to a reply had been made by the trial court.  Plaintiffs did not ask that time be fixed in which they should plead, and defendant was in no position to insist that time should be given them for that purpose.

Complaint is made because the court allowed a reply traversing the averments of the amended answer to be filed after the selection of the jury.  The granting of permission to reply out of time, or during the trial, rests largely in the legal discretion of the trial court.  (*Storz v. Finklestein*, 48 Neb. 27, and cases cited.)  No abuse of discretion in the ruling just indicated is perceptible.  No continuance was asked, or suggested, by the defendant

on the ground that -it had been taken by surprise by reason of the filing of the reply.

At the rendition of the judgment, on written motion of plaintiff, an attorney's fee of $200 was allowed them by the court and taxed as part of the costs, which action is assailed on the ground that an attorney's fee was not specially asked in the petition, the prayer being merely for a judgment in a sum certain as damages, and for costs. It is true no motion to retax the costs was made in the trial court, but that does not foreclose a review of the decision of the court under consideration. It has been frequently asserted that a motion to retax costs in a trial court and a ruling thereon are essential to review the taxation of costs. This rule, however, cannot be invoked in this case, for the obvious reason that a retaxation of the costs is not sought on account of any mistake, neglect, or omission of the clerk of the district court, but the action of the court itself is assailed in allowing an attorney's fee. As was said by POST, J., in the opinion in *Burton v. State*, 34 Neb. 127, where the identical question was involved and decided: "Ordinarily the taxing of costs is a clerical act performed by the clerk and the presumption is that the action of the clerk has not been called to the attention of the court; hence this court will not, as a rule, review an order taxing costs until a motion to retax has been made and the trial court given an opportunity to correct the errors, if any have been made. In this case the court has considered the question of the liability of plaintiff in error and deliberately determined that he is liable for costs of prosecution. Here the reason of the rule is wanting. It would be an idle and useless form to ask the court to correct on the theory of a mistake or inadvertence of the clerk that which the record shows to have been a deliberate act of the court." In actions like the present one the statute makes it the duty of the court, and not the clerk, to determine the amount of attorney's fees which shall be paid by the insurer to the insured. The clerk

is the mere arm of the court, and could not of his own accord allow an attorney's fee in the case. It requires judicial action. The court below has spoken. It awarded an attorney's fee to plaintiffs, and determined the amount thereof, and to review its decision upon the question no motion to retax was necessary. This view is contrary to *Insurance Co. of North America v. Bachler*, 44 Neb. 549; but the discussion in the opinion in that case upon the question was not necessary to a decision, because the order of the court allowing an attorney's fee was not assigned as error in the petition in error, which omission alone was sufficient reason for the refusal of this court to review the ruling of the trial court upon the subject of attorney's fees.

The policy declared on insured plaintiffs below against loss or damage by fire in the sum of $2,000 upon their two-story frame hotel building situate in the town of Greeley. The insured building having been wholly destroyed by fire, without the criminal fault of the insured, plaintiffs, under the valued policy law, were entitled to recover the amount of insurance named in the policy, and in addition thereto a reasonable sum, to be fixed by the court, as an attorney's fee. (Compiled Statutes, ch. 43, secs. 43, 45; *German Ins. Co. v. Eddy*, 37 Neb. 461; *German Ins. Co. v. Gustin*, 40 Neb. 828.) In the first of those cases it was said that attorney's fees in an action on a policy issued under the valued policy act of 1889, must be demanded in the petition, and the question of allowance of such fees be presented to the trial court and a ruling obtained thereon in order to present the question in the appellate court. That case having been unchallenged for so long a time, should be adhered to. It is not in conflict with *Insurance Co of North America v. Bachler*, 44 Neb. 549, but harmonizes therewith, as an examination of the transcript of the Bachler case reveals that the petition therein specially prayed for the allowance of an attorney's fee. In *Hanover Fire Ins. Co. v. Gustin*, 40 Neb. 828, the question whether the petition on

a valued policy must ask for an attorney's fee was not presented, considered, or decided. In the case at bar the petition on the face disclosed that the suit was upon an insurance policy covering real estate, and it is in said pleadings averred that a complete loss of the property has been sustained without the criminal fault of the insured. These averments being sustained by the proofs adduced on the trial, upon a recovery by plaintiffs, the law authorized the court to award them a reasonable sum as an attorney's fee to be taxed as costs. The court below has complied with the plain requirements of the law. It is true the allowance of such fees was not specifically asked in the prayer to the petition, but at the time of the rendition of the judgment on the verdict, plaintiffs, by written request, demanded that they be awarded an attorney's fee in the sum of $300, to be taxed as a part of the costs as provided by statute. This was, in effect, and should be so treated, as an amendment of the prayer of the petition. So regarded, the case at bar is within both the letter and spirit of the decision in the *Eddy Case.* There being no prejudicial error in the record, the judgment is

AFFIRMED.