M. F. LAMASTER, APPELLEE, V. C. C. ELLIOTT AND WILL-
IAM BARR, APPELLANTS.

FILED JANUARY 19, 1898.    No. 7496.

1. **Receivers:** JOINT OWNERS OF PROPERTY: ILL WILL. That there ex-
ists a feeling of ill will or hostility or a disagreement between
joint owners of property is not sufficient to warrant a court in
appointing a receiver to take charge of the property unless such
fact prevents a beneficial use of the property or practically op-
erates an exclusion of one of the joint owners from the benefit and
use of the property.

2. ———: ———. *Held*, That the facts as established by the findings
of the referee herein and the further finding of the court did not
disclose such a condition of affairs in regard to property owned
jointly by two of the parties hereto as to warrant the decree of
the court appointing a receiver thereof.

3. **Costs:** MOTION TO RETAX: REVIEW. If the question of the liability
of the respective parties to an action to pay costs therein is one
which was directly considered and determined by the trial court,
no motion in that court to retax costs is necessary to entitle a
party to have a judgment against him for the costs or any part
thereof reviewed in this court.

APPEAL from the district court of Lancaster county.
Heard below before HALL, J.    *Reversed.*

*Morning & Berge,* for appellants.

*Mockett & Polk, contra.*

HARRISON, C. J.

It appears that during the year 1894 M. F. Lamaster
was the owner of lot 6, block 58, in the city of Lincoln,
and William Barr owned the adjoining lot 5.    On these
lots stood a brick building, one-half on each lot, of which
Barr owned the portion erected on his lot and Lamaster
the part of the building which was on his lot.    The build-
ing had two large rooms on the ground floor, one on each
lot.    There was a common stairway running up immedi-
ately over the division line to floors above, of which there
were two, each divided into a number of rooms, and each

floor having a common hall in the center. The building was heated with steam, and in the basement of the building, placed immediately over the dividing line of the lots, was the furnace and boiler of the heating apparatus, the whole of such apparatus being owned jointly or in common by the owners of the building. It was put into the building by the parties under an agreement that each should pay one-half the expense in all respects of its operation at all times and to be equally interested and represented in such operation. One C. C. Elliott claims that during the year 1894, and prior to the time that artificial heat was required for that year, he entered into a contract with the owners of the building by which he was to attend to the heating apparatus during the years 1894 and 1895. On November 22, 1894, Lamaster commenced this action, alleging in his petition that Elliott had not been employed by him, nor had he joined in hiring Elliott nor consented that he be employed, but that Barr had employed Elliott against the wishes and contrary to his, Lamaster's, protests; he also pleaded that Elliott was incompetent and had failed to properly attend to the heating apparatus, by reason of which the rooms belonging to Lamaster had not been heated properly, but had been cold and uncomfortable and rendered almost untenable; that Elliott was insolvent. It was also pleaded that Lamaster and Barr were unable to agree on a person who should be employed to attend to the heating apparatus. It was of the prayer of the petition that a receiver be appointed to take charge and employ a competent person to operate the heating apparatus until such time as the differences between the owners should be adjusted; also, that Elliott be restrained from operating the heating apparatus and that Barr be restrained from further retaining Elliott in his employ for such purpose, and, also, from the employment of any other person for the work except as might be ordered or directed by the court. A temporary restraining order was granted and issued. Separate answers were filed for ap-

pellants, in each of which the allegations of appellee's petition were denied and it was alleged that the hiring of Elliott was participated in and was the act of both Barr and Lamaster; that he was a competent man for the work and was doing it properly, and that the trouble was occasioned by the fact that Elliott had rented rooms of Barr in the building to be heated and was occupying the same with his family. For the appellants there was filed a motion that the restraining order be dissolved. After issues were joined the court appointed Hon. M. B. Reese referee to hear the testimony and to make and report findings of fact and conclusions of law to the court. By stipulation of parties the testimony was presented in the form of affidavits. After a full hearing the referee reported as follows:

"First—That the said Barr and Lamaster are each the separate and several owners of lots 5 and 6, and of their buildings thereon, but which buildings constitute one block, known as the Barr-Lamaster Block, the said William Barr being the owner of lot 5 and the plaintiff being the owner of lot 6, in block 58, in the city of Lincoln.

"Second—That each building is furnished and provided with a system of pipes and radiators, used for the purpose of supplying said buildings and the different rooms thereof with heat by steam, but that the steam for both is supplied from one boiler.

"Third—That the furnace and boiler provided and used for generating steam are owned by the said plaintiff and the said William Barr in common, and that each of them have the right to the use of the same; and that the furnace and boiler have been provided for the joint use of both in furnishing steam and heat for said buildings, and that the rights of both in and to said furnace and boiler are equal.

"Fourth—That it is necessary for the accommodation of the owners and tenants of said building that during the winter season of the year some competent person be employed to operate said furnace and boiler.

Lamaster v. Elliott.

"Fifth—That the defendant C. C. Elliott is a capable engineer and is competent to operate said furnace and boiler, and has a certificate of qualification issued to him by competent authority of the city of Lincoln.

"Sixth—That the said C. C. Elliott was employed for the season of 1894-5 by William Barr to take charge of the said heating apparatus, and that such employment was with the knowledge and (originally) the consent of plaintiff, and that he has never been discharged by the act of both Barr and Lamaster, and that at the time of the commencement of this suit he was engaged in the discharge of the duties of his employment; that on the 22d day of September, 1894, the notice set out in plaintiff's petition signed by plaintiff was caused to be served upon him by plaintiff.

"Seventh—That sufficient heat has not been furnished the occupants of the Lamaster side of said block at all times, but the proof is unsatisfactory as to the cause of the failure or who was at fault.

"Eighth—That the furnace and boiler are capable of furnishing sufficient heat for the block if they and the radiators are properly managed.

"Ninth—That the said defendant C. C. Elliott has wrongfully excluded plaintiff from exercising the necessary acts of ownership over said furnace and boiler and other portions of his property in the basement of the said building and has prevented him from entering therein and thereto, and that plaintiff should be permitted to have free access to the same.

"Tenth—That there is at present no necessity for the appointment of a receiver.

### "CONCLUSIONS AT LAW.

"First—That as to the defendant William Barr this action should be dismissed.

"Second—That as to the defendant C. C. Elliott a perpetual injunction should be awarded restraining and enjoining him from interfering with or preventing plaintiff

from exercising acts of ownership over and having access to his property, including the furnace and boiler and other property in connection therewith or owned by plaintiff, but not to restrain the said Elliott from discharging his said duties as engineer of said building.

"Third—That the costs in this case should be equally divided between the plaintiff and the defendant C. C. Elliott, each one paying one-half.

"To all of which the plaintiff excepts, and to that part awarding an injunction against C. C. Elliott he excepts."

For the appellants a motion was made for confirmation of the report of the referee and judgment in accordance therewith. To the report the appellee made many objections and urged exceptions. The court, on hearing of the motion for confirmation and the exceptions, overruled the exceptions to the fifth and seventh findings of fact and sustained the exception to the tenth and also sustained the exceptions to the first and third conclusions of law and as was stated in the decree, "In all other respects and in the fifth, sixth, and seventh findings of fact, the said referee's report is by the court duly confirmed, as supported by the evidence and the law." It was further stated in the decree: "From the evidence the court finds that between the plaintiff and defendant Barr exists a feeling of ill will and hostility that renders impossible any unity of action in the control and management of their joint property, the heating plant in the Barr-Lamaster Block, located on lots 5 and 6, block 58, in the city of Lincoln, and that for the proper use of said heating plant to warm the separate property of each, said Barr and said Lamaster, a necessity does now exist for the appointment of a receiver over their said joint property, the said heating plant." A receiver was appointed to take charge of the heating apparatus, Elliott was reinstated in his position, the restraining order was vacated, and the costs of the cause, including fees of referee, were adjudged to be paid one-half by Lamaster and one-half by Barr. From the judgment Barr has appealed to this court.

It is urged that the facts established were insufficient to warrant the decree by which a receiver was appointed and placed in charge of the property. By reverting to the findings of fact reported by the referee, and to which the court overruled exceptions, it appears that Elliott was competent and qualified to perform the work for the doing of which he had been employed; that his employment was by the joint owners of the property; that though sufficient heat had not at all times been furnished in the rooms of the Lamaster portion of the building, the proof did not satisfactorily disclose the cause or who was in fault. Courts are very slow to interfere between joint owners of property, joint tenants, or tenants in common. It has been said that where the facts constitute a clear case of the use and enjoyment of the property by one to the entire exclusion of another a receiver will be appointed, not, however, when the appointment will subject the co-tenant to inconvenience and expense, without corresponding benefit to the complainant. (*Low v. Holmes*, 17 N. J. Eq. 148; Beach, Receivers [2d ed.] sec. 494; 20 Am. & Eng. Ency. Law 52-53.) The court in this case made a finding additional to the ones made and reported by the referee to the effect that there existed a feeling of ill will and hostility between the joint owners of the property so intense that it prevented any unity of action in the control and management of the property. Conceding this conclusion to be a sound one, without discussing it or the evidence on which it was based, it was not sufficient to warrant the court in placing a receiver in control of the property unless such fact operated the exclusion from the property or its use and enjoyment of one of the joint owners, and unless this feeling was the cause of the failure of Lamaster to enjoy the use and benefit of the heating apparatus,—and we must here remember that there was the finding of fact approved by the court that there was no satisfactory proof of the cause of the failure of the apparatus to properly heat all the building and that the proof did not disclose who was at

fault. Clearly there was no such condition of facts as
warranted a court in interfering with the rights of the
joint owner to wrest the property from the possession of
both and place it in the hands of a receiver when the find-
ing of facts showed that it could not be said that there
was any fault of the joint owner, a cause of the complain-
ant's trouble. The decree herein was unsupported by
the facts as established by the findings and must be re-
versed.

In the district court there was a motion by Barr and
Elliott that judgment be rendered on the findings of fact
and conclusions of law, from which it may be said that
said parties had nothing to urge against such a judg-
ment being entered; and without an examination of any
of the questions which might be presented relative to all
portions of such a decree being warranted by the facts,
no objections having been made other than have been
settled herein, a decree will be entered in accordance
with the conclusions announced in the report of the
referee. It is, however, urged that relative to the costs
the decree must remain as announced by the district
court, inasmuch as the appellants presented in such
court no motion to retax the costs. In the case of *Burton
v. State*, 34 Neb. 125, in regard to a similar contention,
it was stated: "It is urged by the county attorney in his
brief that a motion to retax costs was necessary in order
to give plaintiff standing in this court. We cannot agree
with this view. Ordinarily the taxing of costs is a cleri-
cal act performed by the clerk, and the presumption is
that the action of the clerk has not been called to the
attention of the court; hence this court will not, as a
rule, review an order taxing costs until a motion to retax
has been made and the trial court given an opportunity
to correct the errors, if any have been made. In this
case the court has considered the question of the liability
of plaintiff in error and deliberately determined that he
is liable for the costs of prosecution. Here the reason
of the rule is wanting. It would be an idle and useless

form to ask the court to correct on the theory of a mistake or inadvertence of the clerk that which the record shows to have been the deliberate act of the court." The matter of the costs in the case at bar is within the doctrine announced in that case, from which it follows that no motion to retax was necessary. (See, also, *Hartford Fire Ins. Co. v. Corey*, 53 Neb. 209.)

Judgment of the district court reversed and judgment ordered as hereinbefore stated.

JUDGMENT ACCORDINGLY.