EQUITABLE TRUST COMPANY, TRUSTEE, APPELLEE, v. GOLBA D. GROVES, APPELLANT.

274 N. W. 457

FILED JULY 9, 1937. No. 29983.

*Dryden, Dryden & Jensen,* for appellant.

*C. J. Thurston,* contra.

Heard before ROSE, DAY, PAINE and CARTER, JJ., and HASTINGS, MUNDAY and RINE, District Judges.

Rose, J.

This was a suit in equity in which the district court for Garden county March 7, 1935, decreed foreclosure of a first mortgage lien amounting to $33,947.91, with interest at the rate of 10 per cent. per annum, on a 4,320-acre ranch in Garden and Grant counties. The amount of a second mortgage lien March 7, 1935, was decreed to be $6,870.85, with interest at the rate of 10 per cent. per annum. Following is a chronology of further proceedings: February 24, 1936, order of sale issued; March 26, 1936, notice of sale completed; March 31, 1936, mortgaged ranch sold by sheriff at judicial sale to plaintiff for $37,623.23; April 13, 1936, motion by plaintiff for confirmation of judicial sale, for order directing execution and delivery of sheriff's deed to plaintiff as trustee for bondholders, and for writ of assistance to put purchaser in possession of premises; April 13, 1936, application for moratorium, objections thereto, and objections to confirmation of sale; July 27, 1936, moratorium denied and judicial sale confirmed.

In ruling on the issues of moratorium and confirmation, the district court found: "That the moratorium should be denied; that the value of the premises does not exceed the sum of $37,569.03, and that the defendant has no equity in said premises; that the sale was legally had and that another sale would not in all probability bring a larger bid."

From the judgment denying a moratorium and confirming the sale, Golba D. Groves, principal mortgagor, defendant, appealed.

Two controlling questions are presented by the appeal: Did Groves have such an interest in the ranch as to entitle him to a moratorium? Did inadequacy of price prevent a proper confirmation of the judicial sale? The answer to both of these questions depends on the certified transcript of the proceedings and judgment below and the evidence adduced before the district court on the issues of moratorium, value and sale price.

Original affidavits were filed in the supreme court to show alleged facts not presented to the district court nor preserved in the bill of exceptions. They cannot, therefore, be considered on appeal.

No witness was examined in the district court on the issues stated. The parties were heard on affidavits. Most of them contain immaterial matter and indicate bias. One affiant, who favored plaintiff, estimated the value of the 4,320-acre ranch at $25,920, and another at $21,600. Each of nine other affiants, friends or neighbors of Groves, made an affidavit in his favor. Their estimates of value ranged from $42,000 to $58,320. The latter was made by an affiant whose affidavit shows bias on its face and an unreasonable estimate in view of the entire record. Another affiant whose affidavit also was introduced in evidence by Groves, himself, stated the annual rental value of the ranch to be $1,000. As evidence of value of the ranch this would be only an income of 3 per cent. on capital or value of $33,333.33 1/3, whereas the sale price was $37,623.23. Moreover, an annual rental of $1,000 would pay less than one-third of the annual interest at the decreed contract rate of 10 per cent. per annum on the unpaid first mortgage lien of $33,947.91. The mortgage liens and the contract rate of interest were adjudicated in the decree of foreclosure and import verity because there is no appeal from this feature of the judgment below, and there is nothing in the bill of exceptions to show error in the amount of debt or interest. The better view of all evidence which can be considered on the appeal is that Groves has no equity in the ranch to be protected by a moratorium, as found by the district court. Fraud in the judicial sale is not shown or implied. There is no shocking discrepancy between value and sale price. The evidence is insufficient to prove the prospect of a higher bid in the event of a resale.

Questions arising prior to the confirmation of the sale were determined adversely to Groves, and this appeal does not include earlier rulings.

Error in the proceedings and judgment of the district court has not been found.

AFFIRMED.