FEDERAL LAND BANK OF OMAHA, APPELLEE, V. CITIZENS BANK OF OGALLALA ET AL., APPELLEES: FRED E. SOEHL ET AL., APPELLANTS.

278 N. W. 383

FILED MARCH 11, 1938. No. 30237.

*L. A. DeVoe, Beeler, Crosby & Baskins* and *Robert B. Crosby,* for appellants.

*Beatty, Maupin, Murphy & Derry, William C. Ramsey, Franklin L. Pierce, Philip M. Wellman* and *William W. Graham, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

CARTER, J.

This is an appeal from an order of the district court for Arthur county refusing to grant a moratory stay under

the provisions of section 20-21,159, Comp. St. Supp. 1937.

The real estate involved consists of 640 acres of grazing land. The present amount due under the decree of foreclosure, including unpaid taxes, is $2,472.20. The evidence as to the value of the land is substantially as follows: S. E. Adkins testifies for plaintiff that it is worth $2,000 or less. Ray Cardwell testifies for defendant and estimates its value between $2,000 and $2,200. The defendant states that it is worth $3,200.

It is a well-settled rule of this court that, where it appears that the amount of the mortgage lien exceeds the value of the land secured by the mortgage, it is proper for the trial court to deny a moratory stay. *Clark v. Hass,* 129 Neb. 112, 260 N. W. 792; *Equitable Trust Co. v. Groves,* 133 Neb. 177, 274 N. W. 457. We necessarily come to the conclusion that the trial court had ample evidence before it to sustain the findings made. We also conclude that the evidence shows that the value of the land is less than the amount of the liens against it.

Defendant contends that the value of the land is greater by virtue of its use in connection with other near-by and adjacent lands with which it was formerly used. Conceding for the sake of argument that this is true, it must be borne in mind that the mortgagor separated it from the other tracts when he executed a separate mortgage upon it. The security that it provides for the plaintiff is that which it will bring at foreclosure sale as it is described in the mortgage. In determining its value for the purpose of deciding whether a moratory stay should be granted, we must necessarily treat it on the same basis as the parties treated it when the mortgage was executed. Under such circumstances, a value that is peculiar to the mortgagor and not to the mortgagee cannot be considered.

The judgment of the trial court is correct and it is

AFFIRMED.