IDA BALSTER, ADMINISTRATRIX, APPELLANT, V. OTTO C. KELLER ET AL., APPELLEES.

279 N. W. 156

FILED APRIL 8, 1938. No. 30284.

*Zacek & Nicholson,* for appellant.

*John J. Gross, contra.*

Heard before GOSS, C. J., ROSE, DAY, CARTER and MESSMORE, JJ., and LIGHTNER and SPEAR, District Judges.

SPEAR, District Judge.

Appeal by plaintiff from an order of the district court for Cuming county wherein that court granted a mora-

tory stay to defendants Keller, under the provisions of section 20-21,159, Comp. St. Supp. 1937.

Defendant Otto C. Keller is the owner of 200 acres of land situated about 5½ miles northeast of Wisner, which was mortgaged to Fred Balster, deceased. Ida Balster, administratrix with the will annexed, brought this action to foreclose the mortgage. Decree of foreclosure was entered on October 30, 1933, in the sum of $23,675, with interest from the date of the decree at the rate of 5¼ per cent. per annum on $21,225, and at 10 per cent. per annum on $2,450. At the time of the granting of the moratory stay on June 10, 1937, this judgment amounted to over $28,000. In addition there was at that time a second judgment lien amounting to over $6,500, making a total of over $170 an acre.

Plaintiff objected to the granting of the moratory stay upon several grounds, among which are that the liens exceeded the value of the premises, and that the act of the legislature authorizing the granting of moratory stays is unconstitutional.

Plaintiff does not contend that the law is unconstitutional for any of the reasons by which this court held the law unconstitutional in the case of *First Trust Co. v. Smith, ante,* p. 84, 277 N. W. 762, and did not cite any authorities upon her propositions in her brief nor argue the same. Therefore, the constitutional objections raised by plaintiff will not be considered.

This brings us to the question of value. A number of witnesses testified, but it will not be necessary to go over this somewhat conflicting testimony in detail. We are of the opinion that the amount of the liens upon these premises far exceeds the value of the land, and that the district court erred in granting the moratory stay. *Clark v. Hass,* 129 Neb. 112, 260 N. W. 792; *Equitable Trust Co. v. Groves,* 133 Neb. 177, 274 N. W. 457.

REVERSED AND REMANDED.