ANNA LORENZEN ET AL., APPELLEES, v. EZRA H. STOBBE ET AL., APPELLANTS.

279 N. W. 774

FILED MAY 20, 1938.   No. 30336.

A. J. Luebs, for appellants.

Harry Grimminger, contra.

Heard before GOSS, C. J., EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

DAY, J.

This is an appeal from an order of the trial court vacating a moratory stay and confirming a mortgage foreclosure sale.

The appellees (mortgagees) foreclosed their $19,000 mortgage on 200 acres of land in Hall county. A decree was entered in March, 1933, for $20,765.18, with interest at 10 per cent. from that date. The property was sold at foreclosure sale to the mortgagees in February, 1934, for $19,000, and there was due at that time approximately $22,600. The mortgagors continued in possession under a nine months' stay, a moratory stay, and extensions granted by the court. The rent paid under the moratorium was only an amount just about sufficient to pay the taxes on the real estate. In April, 1937, this application was filed to terminate the moratorium for the reason that there was no equity in the property belonging to the mortgagees. The application also sought the confirmation of the sale.

The moratory stay was properly terminated. This court held the statute invalid under which the moratory stay was granted. *First Trust Co. v. Smith, ante,* p. 84, 277 N. W. 762.

The moratory stay was also properly terminated because there was no equity in the premises. The evidence was in conflict as to the value of the land, but, in consideration of the evidence most favorable to the mortgagors, both as to the amount due on the decree of foreclosure and the value of the land, there is no equity. This court previous to the time the validity of the moratory act was questioned here held that a mortgagor was not entitled to a stay under the moratorium statute where the mortgage lien on the land exceeded the value. *First Trust Co. v. Stenger,* 130 Neb. 750, 266 N. W. 642; *Clark v. Hass,* 129 Neb. 112, 260 N. W. 792. Therefore, under no circumstances was there error on the part of the trial court in entering an order terminating the moratory stay.

There is no error predicated on the confirmation of sale except the termination of the moratory stay, unless it be that the sale price was inadequate. The mortgagees bid the amount of their mortgage. Interest and costs would increase the amount due. There was no irregularity in the sale and no showing that another sale would realize more.

A mortgage foreclosure sale of realty will not be disturbed unless there is such inadequacy of price as to show fraud or mistake. *Equitable Trust Co. v. Groves,* 133 Neb. 177, 274 N. W. 457.

In foreclosure suits, mere inadequacy of price, unless it be so gross as of itself to justify a suspicion of fraud, surprise or mistake, is not ground for the interference of the court, to set aside the sale. *Lindberg v. Tolle,* 121 Neb. 25, 235 N. W. 670. See, also, *Lougee v. Matters,* 124 Neb. 223, 246 N. W. 242; *Hill v. Campbell,* 125 Neb. 585, 251 N. W. 106.

The price of the land in this case at foreclosure sale was not so inadequate as to justify a suspicion of fraud, surprise, or mistake, and an examination of the record does not disclose any error.

AFFIRMED.