FEDERAL LAND BANK OF OMAHA, APPELLEE, V. LAURA L. PALMER, ADMINISTRATRIX, ET AL., APPELLANTS: HARVEY T. BRADDOCK, APPELLEE.

12 N. W. 2d 125

FILED DECEMBER 10, 1943.    No. 31713.

*Charles A. Fisher,* for appellants.

*Greydon L. Nichols, William W. Graham, Philip M. Wellman* and *Franklin L. Pierce, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

YEAGER, J.

This matter comes to this court on objections to confirmation of sale of real estate under decree foreclosing mortgage against certain lands in Dawes county, Nebraska.

The plaintiff in the foreclosure action was the Federal Land Bank of Omaha, a corporation. The defendants were Laura .L. Palmer, as administratrix of the estate and as widow of Samuel Palmer, deceased, Arthur H. Palmer and Thomas J. Palmer. The mortgage had been executed by Samuel Palmer in his lifetime and on his death Laura L. Palmer, widow, became administratrix of the estate. Arthur H. and Thomas J. Palmer were heirs of Samuel Palmer. Harvey T. Braddock was the purchaser at the foreclosure sale. The defendants are appellants here and plaintiff and the purchaser at the foreclosure sale are appellees.

The mortgage was against 3595.89. acres of land. Foreclosure decree was entered February 27, 1936, fixing the amount of the lien at $10,379.08 with interest at 8 per cent per annum. On October 1, 1938, the administratrix was adjudged a bankrupt under subsection s, sec. 75 of the National Bankruptcy Act. From this date until December 15, 1942, the lands remained under control of the bankruptcy court. On the latter date by order of the United States district court these mortgaged lands were abandoned to the secured creditors. For the purposes of the bankruptcy proceeding plaintiff's claim as a secured creditor was allowed in the sum of $11,000. On December 8, 1941, out of the bankruptcy proceeding plaintiff was paid the sum of $1,156.03, and on November 10, 1942, it was paid $700.

In 1937 a sale of the land under the foreclosure decree was made but it was never confirmed. The sale was set aside on objection to confirmation by appellants in January, 1943.

On March 26, 1943, plaintiff obtained an order of sale in the amount of the lien with 8 per cent interest per annum

and for costs in the amount of $100.11. Notice of sale under this order was duly published and on May 5, 1943, the sheriff sold the lands to the appellee, Braddock, for $13,100.

On May 8, 1943, appellees served notice on the attorneys for appellants that they would seek confirmation of the sale before the district judge at chambers in Alliance, Box Butte county, Nebraska, at two o'clock p. m., May 20, 1943. On May 19, 1943, appellants filed objections to confirmation.

Hearing was started on the application for confirmation and objections thereto on May 20, 1943, and continued for further hearing on June 1, 1943. Final order was rendered confirming the sale on this latter date, which order was filed June 25, 1943.

Appellants urge that the court erred in confirming the sale. The claimed grounds of error are numerous and will be discussed in the order assigned.

The first assignment is that the court erred in holding that the property sold at its fair value and that at another sale it would not bring a greater amount. This contention is not sustained by the record. Appellants adduced evidence by affidavits that the value of the land was greatly in excess of the bid which was the basis of the sale. Appellees produced witnesses who testified to the contrary. Here was a determinable question of fact. From the record we cannot say that the price was inadequate. Certainly we cannot, on the evidence, say that the price was so inadequate as to shock the conscience or justify a finding of fraud, surprise or mistake. *Metropolitan Life Ins. Co. v. Heany,* 122 Neb. 747, 241 N. W. 525; *E. H. Lougee, Inc., v. Matters,* 124 Neb. 223, 246 N. W. 242; *Hill v. Campbell,* 125 Neb. 585, 251 N. W. 106; *Lorenzen v. Stobbe,* 134 Neb. 796, 279 N. W. 774.

There is another supporting reason why, on the record, this objection of appellants is untenable. There is nothing to indicate that at another sale a greater price would be obtained. The express purpose of the continuance of the hearing on confirmation was to obtain information that a higher bid could be obtained. No information upon which reliance

could be placed was forthcoming. In *Equitable Trust Co. v. Groves,* 133 Neb. 177, 274 N. W. 457, this court considered insufficiency of evidence to prove the prospect of a higher bid in the event of resale as an element in overruling objections to confirmation of sale.

The second assignment is that in the published notice of sale lands other than those described in the decree were included and that thereby an improper sale was had. It is true that other lands, lands belonging to a third person, were erroneously included in the notice, but at the sale and to all bidders the deputy sheriff explained the error and stated that such lands were not being sold. There was no showing and no effort made to show that this in any wise affected the bids or the price paid for the lands properly included in the notice and we find nothing to indicate that the sale was adversely affected by this inclusion. We are of the opinion that this situation is controlled by the principle announced in the third syllabus point in *Northwestern Mutual Life Ins. Co. v. Marshall,* 1 Neb. (Unof.) 36, 95 N. W. 357, as follows: "A notice of sheriff's sale is not rendered invalid by including therein more than the sheriff was authorized to or did in fact sell." The only factual distinction between that case and the one here is that there the order of sale was for lands while the notice included the right to future rents, issues and profits, whereas here the order embraced certain lands and the notice included other lands. The authorities cited by appellants do not contemplate a situation such as the one presented here.

The third assignment is that in the amount for which confirmation was had was included $14.85 for revenue stamps to be placed by the sheriff on the deed to the purchaser. On this point suffice it to say that this was included as an item of costs. This is a matter to be addressed to the district court on motion to retax costs and is not available as an objection to confirmation of sale. *Burton v. State,* 34 Neb. 125, 51 N. W. 601; *Hartford Fire Ins. Co. v. Corey,* 53 Neb. 209, 73 N. W. 674; *Lamaster v. Elliott,* 53 Neb. 424, 73 N. W. 925.

The fourth assignment is that the court erred in holding that the return to the order of sale showed the correct amount due plaintiff. This may be answered by stating that the order of confirmation is silent on this subject.

The fifth assignment is that the court erred in holding that plaintiff was entitled to interest during the time this land was held in the bankruptcy action. Plaintiff was a secured creditor and appellees cite no authority to the effect that interest does not continue to accrue upon the debt of a secured creditor after adjudication in bankruptcy. In *Wilson v. Dewey*, 133 Fed. 2d 962, it is stated: "The rule that no interest accrues on the debts or claims of unsecured creditors after the date of bankruptcy where the bankruptcy estate is insolvent does not apply to the debts or claims of secured creditors." The contention of appellants in this respect is without merit.

There is no merit in the sixth and seventh assignments. These two assignments pertain to the computation of the balance due on the mortgage with interest and costs. We find no error in the computation as presented to the court at confirmation. Credit was duly given for the amounts paid through the bankruptcy court. Also the plaintiff voluntarily reduced the rate of interest of 8 per cent per annum on the decree to 6 per cent and confirmation was made in conformity therewith. In addition to this, deficiency was waived. Thus it will be seen that appellants were not prejudiced but profited by this waiver of interest and of deficiency.

The eighth and last assignment is that the issuance of an order for writ of assistance in the decree of confirmation outside Dawes county was error. This may be answered by the statement that the issuance of the order complained of was of no consequence in any event and was mere surplusage and unnecessary. The decree in foreclosure entered in February, 1936, contained a good and sufficient order for writ of assistance which was in full force and effect at the time of confirmation of sale.

Finding no error in the proceedings the decree of the dis-

trict court is affirmed. Appellants however are allowed 30 days from the issuance of mandate to redeem. On failure to redeem within the time specified deed shall issue.

AFFIRMED.