THE MISSOURI PACIFIC RAILWAY COMPANY v. JAMES A. ABNEY.

1. RAILROAD STOCK LAW; *Demand, Not Void.* In an action against a railway company, under the railroad stock law of 1874, to recover for the value of a heifer killed by the railway company in the operation of its road, it was shown that the plaintiff made a demand of the railway company for the value of the heifer, which demand was sufficient and proper in every respect, except that the plaintiff placed the value of the heifer at $50, when in fact she was worth only $30. *Held,* That such demand is not void so as to prevent the plaintiff from maintaining an action against the railway company under said railroad stock law for the real value of the heifer.

2. ———— *Attorney-Fee.* And in such a case and under such circumstances, the owner of the heifer may also recover a reasonable attorney-fee for the prosecution of the action.

3. RAILROAD STOCK LAW; *No Error as to Attorney-Fee.* And in such a case, where the action was commenced before a justice of the peace, and the bill of particulars set forth all the facts of the plaintiff's case, without however mentioning any attorney-fee, and then prayed for a judgment against the defendant railway company for the value of the heifer and costs of suit, "and that such *attorney-fee* be taxed against the defendant as this court may think reasonable," and the parties afterward in the district court, in an agreed statement of the facts of their case, agreed, "that if the defendant is liable to pay an attorney-fee in this case under the foregoing facts, the sum of $20 would be a reasonable fee for the plaintiff's attorney for prosecuting said action;" and the case was submitted to the trial court upon the pleadings and the agreed statement of facts, and no question was at any time raised with reference to the sufficiency or insufficiency of the bill of particulars with regard to the plaintiff's claim for an attorney-fee; and the court below, after

deciding that the railway company was liable for the value of the heifer, and costs, held that the defendant was also liable to pay the plaintiff an attorney-fee of $20, and rendered judgment accordingly: *Held*, That the trial court did not err with respect to the attorney-fee.

### *Error from Miami District Court.*

AT the February Term, 1883, of the district court, plaintiff *Abney* recovered a judgment against the *Railway Company*, which brings the case to this court. The opinion states the facts.

*W. A. Johnson*, for plaintiff in error.

*Brayman & Sheldon*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by James A. Abney against the Missouri Pacific Railway Company, under the railroad stock law of 1874, (Laws of 1874, ch. 94; Comp. Laws of 1879, p. 784, ¶ 4915, *et seq.*,) to recover for the value of a heifer killed by the railway company in the operation of its road. The case was tried by the court without a jury, upon the following agreed statement of facts, to wit:

"It is hereby stipulated and agreed by and between the parties to this action that this cause shall be submitted to the court for trial without a jury, and the following are all the facts in the case for the consideration of the court in determining the questions involved between the parties: The defendant is a railway corporation, existing under the laws of this state, and was such during all the year 1882, and was operating a railway through Miami county, Kansas. On the 6th day of July, 1882, defendant's engine ran against and killed a certain heifer belonging to plaintiff; said heifer was then of the actual value of thirty ($30) dollars; defendant's railroad was not fenced at the place where said heifer was killed, and it was not at any public road-crossing. On the 10th day of August, 1882, plaintiff made a demand of defendant's ticket agent, at its station at Somerset, Miami county, Kansas, for the pay for said heifer; plaintiff then and there demanded of said ticket agent the sum of fifty ($50)

dollars as the value of said heifer, and demanded that sum in payment for the killing of the heifer; the ticket agent did not then pay plaintiff said sum, nor has defendant yet paid plaintiff said sum, or any part thereof. If defendant is liable to pay an attorney-fee in this case under the foregoing facts, the sum of twenty ($20) dollars would be a reasonable fee for plaintiff's attorney for prosecuting said action."

Upon this agreed statement of facts the court below found in favor of the plaintiff, and rendered judgment accordingly; and the defendant, as plaintiff in error, now brings the case to this court for review. In this court the plaintiff in error (defendant below) makes the following points, which we shall consider in their order, to wit:

1. The plaintiff in error claims that as the plaintiff below, defendant in error, demanded of the defendant below, plaintiff in error, the sum of $50 as damages for killing his heifer, when in fact such heifer was worth only $30, that the demand was void, and did not authorize the plaintiff to sue for or recover any amount under the railroad stock law. We do not think this is a correct interpretation of the statute. The statute certainly does not require that the plaintiff shall know, when making the demand, the exact amount which he may afterward be able to convince a court, or a court and a jury, that the animal killed was worth; and the statute will certainly not render the demand utterly null and void, if the demand should be for a sum greater than that amount. Both parties must exercise their best judgment with reference to the value of the animal killed; and both parties have means of ascertaining its value. The employés of the railway company, who were operating the road at the time when the animal was killed, would be able to give the company some information concerning the animal, and the neighbors of the owner of the animal would also be able to give similar information; and from such information, the railway company would be able to form a reasonably accurate judgment with respect to the value of the animal, and could tender such value to the owner thereof, and by such tender avoid the cost and expenses of litigation. In the present case, however,

the railway company tendered nothing, and did not seem to be willing to pay anything for the plaintiff's heifer. We think the plaintiff's demand was sufficient.

2. The plaintiff in error, however, claims that as the demand was for $50 when the animal was in fact worth only $30, the plaintiff below should not be allowed to recover any attorney-fee in the case. We think this claim is also untenable, for the same reasons as those above given. If the plaintiff's demand was good, then the statute authorizes the recovery of a reasonable attorney-fee for the prosecution of the action.

3. The plaintiff in error also claims that the bill of particulars in the present case is not sufficient to authorize a judgment for an attorney-fee in the case. This question was not raised in the court below; and hence the point made for the first time in this court is not to be looked upon with favor. The bill of particulars, in its statement of the facts of the case, states fully all the facts, but without mentioning an attorney-fee; and then it sets forth the following prayer for relief, to wit:

"Wherefore, plaintiff asks judgment against defendant for the sum of forty dollars, the value of said heifer, and for costs of suit, and that such *attorney-fee* be taxed against defendant as this court may think reasonable."

Now as the plaintiff in his bill of particulars fully stated all the facts of his case, and then prayed for an attorney-fee, and as the record shows that an attorney was employed in the case from the very inception of the action to its conclusion, and as the parties submitted the case to the court upon an agreed statement of facts, which shows that the parties agreed "that if the defendant is liable to pay an attorney-fee in this case under the foregoing facts, the sum of twenty ($20) dollars would be a reasonable fee for plaintiff's attorney for prosecuting said action," we think the court committed no error in allowing the plaintiff to recover the sum of $20 as an attorney-fee, and in rendering judgment therefor. The bill of particulars as above stated was signed by an attorney; and no question was at any time raised in the court below

with reference to the sufficiency or insufficiency of the bill of particulars with regard to the plaintiff's claim for an attorney-fee.

The judgment of the court below will be affirmed.

All the Justices concurring.