Dow v. Beidelman.

RAILROADS: *Carriage of passengers: Penalty, for excessive charge: Attorney's fee.*

The act of April 4, 1887, to regulate the rates of charges for the carriage of passengers by railroads, provides that for an overcharge beyond the maximum fixed by the act, the company, or person operating the road, shall forfeit and pay not less than $50, nor more than $300, and costs of suit, including a reasonable attorney's fee. *Held:* That the attorney's fee is a part of the penalty for the wilful violation of the provisions of the act, and stands upon the same footing as the money judgment to be recovered; and including it as part of the penalty, does not make the act obnoxious to the objection of being partial and unequal legislation.

APPEAL from Pulaski Circuit Court.

J. W. MARTIN, Judge.

On motion to tax attorney's fees. For the facts and original opinion in this case, see *ante, 325.*

*U. M. & G. B. Rose* for appellants.

The law allowing attorney's fee is unconstitutional; it violates the guaranty in the Constitution of the United States and this State, that laws shall be equal and general in their operation. *63 Ala., 199; 60 Miss., 646.*

One fee only in the same case can be taxed. A fee was allowed appellee in the court below. *28 Ark., 566.*

*W. S. McCain* for appellee.

Submits the question on his argument in *St. L., I. M. & S. Ry. Co. v. Williams,* citing only *Acts of 1887, pp. 224-5-7; 113 U. S., 703; 115 id., 523; 16 Kans., 573; 25 Kans., 561; 30 Kans., 41; 109 Ill., 537; Thomp. on Neg.; 539; 27 Vt., Thorpe v. R. R.; 22 Am. & Eng. R. Cas., 564; 115 U. S., 112.*

SMITH, J.   The act of April 4, 1884, to regulate the rates of charges for the carriage of passengers by railroads, provides that for an overcharge beyond the maximum fixed by the act, the company or person operating the road shall forfeit and pay not less than $50, nor more than $300, and costs of suit, including a reasonable attorney's fee, to be taxed by the court where the cause is heard on original action or by appeal, to be recovered by the party aggrieved in any court of competent jurisdiction.

The attorney's fee is a part of the penalty imposed for the wilful violation of the provisions of the act, and stands upon the same footing as the money judgment to be recovered. We have sustained the constitutionality of legislation awarding double damages against a railway company for failure to give the prescribed notice of the killing or injury of live stock by its train.   *L. R. & Ft. S. Ry. Co. v. Payne, 33 Ark., 816.*

So in other States railroad corporations have been required by statute to fence their tracks and in case of failure so to do, have been made liable for the damages, and in some instances in double the amount of damages, caused thereby and done by their cars and engines to cattle or other animals on their roads.   And such laws have been held to fall within the police power of the State.   Here the damages are given by way of punishment to the company for its negligence in failing to build the fence.   *Thorpe v. R. & B. R. Co., 27 Vt., 140; Mo. Pac. Ry. Co. v. Humes, 115 U. S., 512; Johnson v. Chicago & R. Co., 29 Minn., 425.*

An attorney's fee may be included as a part of the penalty imposed for non-compliance with the duty imposed without rendering the statute obnoxious to the objection of being partial and unequal legislation.   *P. D. & E. Ry. Co. v. Duggan, 109 Ill., 537; K. P. Ry. Co. v. Yanz, 16 Kans., 583; Mo. Pac. Ry. Co. v. Abney, 30 id., 41.*   We have examined the cases of *S. & N. R. Co. v. Morris, 65 Ala., 199,* and *Chicago R. Co. v.*

*Moss, 60 Miss., 646,* but find the principles therein decided to have no application to a case like this.

An attorney's fee of fifty dollars is allowed to the appellee, Beidelman, to be taxed in the costs.