German Ins. Co. v. Eddy.

GERMAN INSURANCE COMPANY OF FREEPORT ET AL. V.
AMBROSE EDDY.

FILED JUNE 30, 1893.    No. 5014.

1. **Attorneys' Fees:** ALLOWANCE UNDER VALUED POLICY ACT.
Upon the rendition of a judgment in favor of the plaintiff in
an action on a fire insurance policy issued since the taking effect
of the valued policy act of 1889, where the insured building has
been wholly destroyed, the court rendering the judgment is,
under said act, authorized to allow a reasonable attorney's fee in
favor of the plaintiff and against the insurer, to be taxed as costs
in the case. Such allowance can be made only upon proof as to
what constitutes a reasonable fee.

2. ———— : ———— : REVIEW. The question of the allowance of attor-
ney's fee in such a case cannot be raised in the first instance in
the supreme court, but the plaintiff must first demand such fee
in his petition and present the question to the trial court, and if
disallowed, the decision may be reviewed in the appellate court.

MOTION in supreme court by defendant in error to allow
a reasonable attorney's fee, under the valued policy act of
1889. *Motion overruled.*

*Abbott, Selleck & Lane,* for the motion.

*Adams & Scott, contra.*

NORVAL, J.

The defendant in error, Ambrose Eddy, brought three
actions in the district court, each on a fire insurance policy
issued, respectively, by the German Fire Insurance Com-
pany of Peoria, the Queen Insurance Company, and the
German Insurance Company of Freeport. The cases were
tried as one, and judgment was rendered for the plaintiff.
The companies prosecuted error to this court, and the judg-
ment of the trial court was affirmed. It was held that the
insured building was "wholly destroyed" within the mean-
ing of that term as used in the valued policy law of 1889

(36 Neb., 461). Subsequently, the defendant in error filed a motion in this court to allow a reasonable attorney fee for services of counsel rendered in both courts.

Section 3 of the said act of 1889 (sec. 45, ch. 43, Comp. Stats., 1891) provides that "the court upon rendering judgment against an insurance company upon any such policy of insurance shall allow the plaintiff a reasonable sum as an attorney's fee, to be taxed as a part of the costs." Under the foregoing provision the trial court, upon the rendition of the judgment against the insurance companies upon the policies in suit, was authorized to allow a reasonable attorney's fee in favor of the plaintiff and against the companies, to be taxed and collected with other costs in the case. Proofs should have been adduced before the trial court as to what sum would constitute a reasonable fee. No proof was offered upon that question in the court below, so far as the record before us discloses. Whether the question of the allowance of a sum for attorney's fee in such cases should be submitted at the same time the cause is tried upon its merits, and to the same trier or triers of fact, it is unnecessary now to determine. Although the plaintiff in his petition prayed for the allowance of a reasonable attorney's fee, yet the record fails to show that the question was ever called to the attention of the district court. Had that been done, and a ruling adverse to the plaintiff below been made, then we could have reviewed the decision. But, as already stated, the matter of attorney's fee was not submitted to the court below, but the question is now raised for the first time, after the affirmance of the case on the merits. The jurisdiction of the supreme court to review, reverse, or correct the proceedings of a district court is appellate merely. The question of the allowance of attorney's fee cannot be raised in the first instance in this court. The motion therefore must be overruled.

MOTION OVERRULED.

THE other judges concur.