AMBROSE EDDY V. GERMAN INSURANCE COMPANY OF FREEPORT.

FILED APRIL 21, 1897.   No. 7225.

1. **Costs: ATTORNEYS' FEES: INSURANCE.**   In order that a plaintiff in a suit against an insurance company may recover an attorney's fee as part of his costs it must appear that the judgment is based upon a policy or contract of insurance; that the policy must have been written upon real property and be a contract of indemnity against loss by fire, tornado, or lightning; and that the loss must have occurred without criminal fault on the part of the insured or his assigns.

2. ———: ———: ———.   When such a judgment is brought to this court on error and affirmed, the district court, on receiving and entering the mandate of this court, has no authority to allow the insured an attorney's fee for services rendered by his counsel in the case in this court.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J.   *Affirmed.*

*Abbott, Selleck & Lane,* for plaintiff in error.

*Adams & Scott, contra.*

RAGAN, C.

In the district court of Lancaster county, Ambrose Eddy sued the German Insurance Company on an ordinary fire insurance policy. He recovered a judgment and the same was, on error proceedings to this court, affirmed. (See *German Ins. Co. v. Eddy,* 36 Neb., 461.) Subsequently Eddy moved this court to tax to the insurance company as part of his costs a reasonable attorney's fee for services of his counsel rendered in the case, both in the district court and in this court. This motion was overruled. (See *German Ins. Co. v. Eddy,* 37 Neb., 461.) Eddy then moved the district court of Lancaster county for an order to tax the insurance company, as part of the costs in the case, a reasonable attorney's fee for the services of his counsel in the case in both the district and the supreme courts. The court sustained the motion to tax as costs a reasonable attorney's fee for Eddy's counsel in the district court, but overruled the motion to tax the attorney's fee for the services rendered by counsel in the supreme court. To reverse this order Eddy prosecutes here a petition in error.

Section 45, chapter 43, Compiled Statutes, provides: "The court upon rendering judgment against an insurance company upon any such policy of insurance shall allow the plaintiff a reasonable sum as an attorney's fee, to be taxed as part of the costs." The right of a litigant in any case at law to recover costs is a statutory right; and in order that a litigant may recover an attorney's fee as part of his costs in a suit against an insurance company he must bring himself within the provisions of sections 43, 44, and 45 of said chapter 43. He must recover a judgment against an insurance company upon a policy or contract of insurance. The policy of insurance must

be a contract of indemnity against loss by fire, tornado, or lightning. It must be written upon real property. It must have been destroyed or damaged without criminal fault on the part of the insured or his assigns. These things having been made to appear, the court in which the case is tried, and which renders the judgment against the insurance company, may then allow the party recovering the judgment a reasonable sum as attorney's fees and tax such sum as a part of his costs. We do not think it was the intention of the legislature to authorize this court to allow an attorney's fee to a litigant and tax it as part of the costs in an error proceeding by an insurance company to review the judgment of the district court pronounced against it on such an insurance policy as is contemplated by said sections of the statute. Where a suit is brought against an insurance company on a policy of insurance such as is contemplated by the statute, the plaintiff recovers judgment thereon, and the insurance company removes such case to this court on error and the judgment of the district court is affirmed, we do not think the statute authorizes the district court, on receiving and entering the mandate of this court, to allow the insured an attorney's fee for the services rendered by his counsel in the case in this court. The judgment of the district court is

AFFIRMED.