HOME FIRE INSURANCE COMPANY OF OMAHA V. JAMES SKOUMAL.

FILED MAY 18, 1897.   No. 8862.

1. Review: ABSTRACT. In a case submitted under rule 2, on an agreed printed abstract, the court will not look beyond the abstract; and, in order to a reversal of the judgment below, error must affirmatively appear from the abstract itself. *Closson v. Rohman*, 50 Neb., 323, followed.

2. Compromise and Settlement: CONSIDERATION. The settlement of a doubtful or disputed claim is generally a sufficient consideration for a compromise, but in order to have such effect it is essential that there be in fact a dispute or doubt of the rights of the parties. An arbitrary refusal to pay, based on the mere pretense of the debtor, made for the obvious purpose of exacting terms which are inequitable and oppressive, is not such a dispute as will of itself support a compromise resulting in a reduction of the amount of his indebtedness. *Fitzgerald v. Fitzgerald & Mallory Construction Co.*, 44 Neb., 463, followed.

3. Costs: ATTORNEYS' FEES: INSURANCE. In an action on a policy of insurance written on real property, the court in rendering judgment against the insurance company may allow the plaintiff a reasonable sum as an attorney's fee, to be taxed as part of the costs. (Compiled Statutes, ch. 43, sec. 45.)

4. ———: ———: ———: REVIEW. But on a review of the judgment in this court an additional sum will not be allowed as attorneys' fees for conducting the proceedings here.

ERROR from the district court of Cass county. Tried below before RAMSEY, J. *Affirmed.*

*Greene & Breckenridge,* for plaintiff in error.

*J. M. Leyda* and *A. N. Sullivan, contra.*

IRVINE, C.

This case has been submitted on an agreed printed abstract under rule two. It appears from the abstract that the case was begun in the county court, where judgment was rendered in favor of Skoumal, the plaintiff. It was taken by appeal to the district court, where judgment was again rendered for the plaintiff. The action was on a policy of fire insurance upon a dwelling house to the amount of $500, and upon personal property to the amount of $200. In defense of the action the insurance company pleaded that proofs of loss were furnished claiming a loss to the building of $337.10, and on personal property of $162.90,—in all, $500, at which amount the loss was then and there adjusted; that the loss was payable sixty days after proofs of loss were furnished, and within that time a draft for $500 was tendered the plaintiff, but by him refused. The tender was made in court of $500, and an offer was made to confess judgment for that amount. By the reply it was pleaded that the proofs of loss were prepared by the agent of the insurance company, who fraudulently inserted the amount specified, and who threatened the assured that he would receive nothing whatever unless he signed said proofs; that the assured had a very limited knowledge of the English language, and had had no experience with insurance companies, and relied on the acts and representations of the agent. The case was tried on a stipulation of facts, by which it appeared that a policy had been issued whereunder $500 was written on the house and $200 on the personalty; that the property was destroyed September 1, 1895, and that the house was totally destroyed;

that proofs of loss were submitted as pleaded and that the insurance company agreed to pay within sixty days $500, and the assured agreed to accept the same; but the assured supposed that it was to be paid forthwith; that the proofs of loss were prepared by the adjuster of the insurance company; that the damage to the dwelling house was $337.10, and to the personal property $162.90; that the assured objected to accepting less than the face value of his policy, and that the adjuster threatened him with litigation that would last four or five years unless he agreed to take said sum of $500; that the assured could not tell how the fire originated; that the adjuster told him that if he could tell the origin of the fire it might be different and he might be entitled to the face value of his policy, and relying on and believing said statements the assured made the agreement hereinbefore stated.

The first question presented is as to the binding force of the adjustment or agreement pleaded, and established by the stipulation. It will be observed that the amount for which the house was insured was $500; that the loss was total, and if the company was liable at all it was bound to pay the face of the policy on account of the house. (Compiled Statutes, ch. 43, sec. 43.) It was also agreed that the loss to the personalty was $162.90, so that on the same assumption of liability the company was bound to pay $662.90. The amount of the judgment does not appear in the abstract, but presumably. it was for more than the $500 which the company was willing to pay or the company would not be here seeking to reverse the judgment. It will also be observed that the stipulation contains no facts in support of averments of fraud in procuring the adjustment or proofs of loss. To support the validity of this adjustment or settlement the insurance company cites a large number of cases. A case chiefly relied on is *Home Fire Ins. Co. v. Bredehoft*, 49 Neb., 152. In that case, however, it appeared that there was a *bona fide* dispute between the parties as to the

46

liability of the company, and in addition the amount
agreed upon in settlement had been actually paid and
received in discharge of the contract by the insured.   In
all the other cases cited the demand was either un-
liquidated as to the amount of recovery, or there was an
actual dispute as to the rights of the parties, or there had
been a satisfaction as well as an accord.   In this case the
law fixed the amount of recovery so far as the house was
concerned, and as to the personal property, the stipula-
tion shows that there was no dispute.   Nor does it ap-
pear there was any dispute as to the liability of the com-
pany.   The adjuster did not claim that the company
was not liable nor does it seem that he claimed that the
company hoped to be successful in case of litigation.   He
merely threatened the assured with a delay of four or five
years as the result of litigation.   It is true that by the
stipulation it appears that the insured could not tell how
the fire originated; but nothing with regard to the terms
of the policy appears in the abstract, and we cannot pre-
sume that the policy was effective only in case the in-
sured was able to account for the origin of the fire.   In
a case submitted under rule two on agreed printed ab-
stracts, this court will not look beyond the abstracts to
ascertain the facts.   (*Closson v. Roman*, 50 Neb., 323.)   So
far as appears by the abstract, then, there was no actual
dispute between the parties either as to the amount of
the loss or the liability of the insurance company.   There
was nothing but the threat of an agent of the company
to delay the plaintiff by protracted litigation unless he
compromised the claim.   The law on this subject is now
well settled, and a case precisely in point is *Fitzgerald v.
Fitzgerald & Mallory Construction Co.*, 41 Neb., 374, 44 Neb.,
463.   From the syllabus of the last opinion we quote as
follows: "The settlement of a doubtful or disputed claim
is generally a sufficient consideration for a compromise;
but in order to have such effect it is essential that there
be in fact a dispute or doubt of the rights of the parties.
An arbitrary refusal to pay, based on the mere pretense

of the debtor, made for the obvious purpose of exacting terms which are inequitable and oppressive, is not such a dispute as will of itself support a compromise resulting in a reduction of the amount of his indebtedness." This case falls entirely within the principle so stated.

The district court allowed an attorney's fee of $75 as part of the costs, and its action in this regard is complained of. Section 45, chapter 45, Compiled Statutes, provides that "the court, upon rendering judgment against an insurance company upon any such policy of insurance, shall allow the plaintiff a reasonable sum as an attorney's fee to be taxed as part of the costs." It has already been held that the words "such policy" in this section refer to policies written on real property and include policies covering both real and personal estate. (*Hanover Fire Ins. Co. v. Gustin*, 40 Neb., 828; *Omaha Fire Ins. Co. v. Thompson*, 50 Neb., 580.) It is suggested that the amount allowed was too large in view of the real sum in controversy; but there was evidence to support the finding of the court in this respect.

We are asked by the defendant in error to allow an additional sum for services in this court. This cannot be done. (*German Ins. Co. of Freeport v. Eddy*, 37 Neb., 461; *Eddy v. German Ins. Co. of Freeport*, 51 Neb., 291.)

AFFIRMED.