Cleveland, Cincinnati, Chicago and St. Louis Ry. Co.
. *v.*
John A. Hamilton.

*Opinion filed February 18, 1903.*

1. RAILROADS—*provision for attorney's fees in suits for fires by loco-motives construed.* The recovery of attorney's fees in suits for violations of sections 1 and 1½ of the act relating to fencing and operating railroads is dependent upon the recovery of damages, and hence the provision is in the nature of a penalty for violating the act, and not for resorting to the courts.

2. CONSTITUTIONAL LAW—*provision for attorney's fees in suits for violating Railroad act is valid.* The provision of sections 1 and 1½ of the act on fencing and operating railroads, authorizing the recovery of resulting damages and reasonable attorney's fees in any court where suit is brought or to which the case may be appealed in case of violations of the act, is constitutional.

APPEAL from the Circuit Court of Champaign county; the Hon. FRANCIS M. WRIGHT, Judge, presiding.

GERE & PHILBRICK, (JOHN T. DYE, of counsel,) for appellant.

RAY & DOBBINS, and W. B. RILEY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Champaign county overruled the demurrer of appellant to the amended declaration of appellee, and appellant electing to abide by its demurrer, damages were assessed by a jury at $100, and judgment was entered for said amount and costs.

The declaration alleged that plaintiff was the owner of a certain field of grass and hay; that defendant was possessed of and used and operated a railroad through said field upon a right of way one hundred feet in width; that defendant, contrary to its duty, failed to keep its right of way cleared from dry grass and weeds, by means whereof fire emitted and thrown from a locomotive engine and train of defendant ignited said dry grass and weeds, and fire was spread and communicated to the field of plaintiff, consuming said grass and hay; that plaintiff brought suit in the circuit court of Champaign county to recover his damages on account of said fire and obtained judgment for $70 and costs, from which defendant appealed to this court; that said appeal was dismissed by this court at the February term, 1902, thereof, and that plaintiff was compelled to and did employ attorneys to represent him on said appeal, and incurred expenses to the amount of $100 for reasonable attorney's fees. The demurrer was general and special, the special cause of demurrer assigned being that the act under which the recovery of said attorney's fees was sought was unconstitutional and void, as in violation of the fourteenth amendment to the constitution of the United States.

Section 1 of the act in relation to fencing and operating railroads requires every railroad corporation to erect and maintain fences, with cattle-guards, on both sides of its road, except at certain specified places, and provides that when such fences or cattle-guards are not made or not kept in good repair the corporation shall be liable for resulting damages, "and reasonable attorney's fees in any court wherein suit is brought for such damages or to which the same may be appealed." Section 1½ of said act is as follows: "It shall be the duty of all railroad corporations to keep their right of way clear from all dead grass, dry weeds, or other dangerous combustible material, and for neglect shall be liable to the penalties named in section 1." (Hurd's Stat. 1899, p. 1328.)

The original judgment was for damages, including attorney's fees in the trial court, and this suit was brought for the attorney's fees in this court, to which the cause was appealed. The constitutionality of the provision for attorney's fees was raised by demurrer, and the cause has been brought directly to this court by appeal, on the ground that the constitutionality of the act is involved.

The provision for attorney's fees was held in *Peoria, Decatur and Evansville Railway Co.* v. *Duggan,* 109 Ill. 537, to be valid and constitutional, as in the nature of a penalty for non-compliance with the duty imposed upon railroad corporations. The regulation designed to prevent the starting or spreading of fire has regard to the public welfare, and is within the police power. It does not seem to be denied that the legislature may impose a penalty for failure to comply with the requirement, but it is argued that this provision for attorney's fees is not a penalty for a failure to keep the right of way clear from dead grass, dry weeds and other dangerous, combustible material, but rather an attempt to impose a penalty for exercising the right to resort to the courts for the purpose of securing justice by defending against exorbitant or illegal demands. Corporations have equal rights with natural persons to defend against claims which they believe to be illegal or exorbitant; but this statute does not provide for the recovery of attorney's fees unless it shall be judicially determined that the defendant had neglected its duty and been guilty of a violation of the statute. If no damages are recovered there can be no attorney's fees, and if the corporation deems the demand exorbitant it is entitled to make a tender of the actual damages. Inasmuch as the statute does not provide for attorney's fees except upon proof of the violation of the duty, we do not regard the statute subject to the objection made in the argument.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*