OLIGSCHLAGER v. STEPHENSON.

No. 74.    Opinion Filed September 14, 1909.

(104 Pac. 345.)

1. COURTS—Verdict—Assent of Required Number of Jurors. Under that part of section 19, art. 2, Snyder's Ann. Const. Okla., which reads, "* * * In civil cases, and in criminal cases less than felonies, three-fourths of the whole number of jurors concurring shall have power to render a verdict. In all other cases the entire number of jurors must concur to render a verdict. In case a verdict is rendered by less than the whole number of jurors, the verdict shall be in writing and signed by each juror concurring therein," five jurors concurring may return a valid verdict in a civil action in the county court, provided the verdict is in writing, and is signed by each juror concurring therein.

2. CONSTITUTIONAL LAW—Equal Protection of the Law—Attorney's Fee—Actions for Personal Services. Section 1, c. 87 (section 6915), Wilson's Rev. & Ann. St. 1903, providing for an attorney's fee, where an action is brought by any laborer, clerk, servant, nurse, or other person for compensation for personal services, to be recovered as costs, is in violation of the fourteenth amendment of the Constitution of the United States and void.

(Syllabus by the Court.)

*Error from Garfield County Court; James B. Cullison, Judge.*

Action by Albert Stephenson against Peter Oligschlager. Judgment for plaintiff, and defendant brings error. Modified.

*Dan. Huett,* for plaintiff in error.

KANE, C. J. This was an action based upon a contract entered into between the defendant in error, plaintiff below, and the plaintiff in error, defendant below, by the terms of which the plaintiff was to perform certain labor for the defendant, for which services the defendant agreed to pay him the sum of $25. The cause was tried to a jury in the county court of Garfield county, and, after the evidence was all in, the court gave the following instruction:

"Gentlemen of the jury, you are instructed that under the Constitution of the state of Oklahoma six men constitute a legal jury in the county court; that in civil and criminal cases less than felonies three-fourths of the whole number of jurors concurring shall have power to render a verdict; that in this court five jurors agreeing upon a verdict will be deemed sufficient; and that when five jurors only agree upon a verdict the five jurors so agreeing must each sign the verdict."

A verdict in favor of the plaintiff, signed by five of the jurors, was returned, upon which the court entered judgment, and included in the judgment for costs an item of $15 as a fee for plaintiff's attorney.

The questions presented by the record to this court for settlement are: (1) Is a verdict of a jury in a county court signed by five jurors a valid verdict? (2) Was it error for the court to tax the sum of $15 as costs against the defendant as an attorney's fee for plaintiff's counsel? Section 19, art. 2, Snyder's Ann. Const., reads in part as follows:

"In civil cases, and in criminal cases less than felonies, three-fourths of the whole number of jurors concurring shall have power to render a verdict. In all other cases the entire number of jurors must concur to render a verdict. In case a verdict is rendered by less than the whole number of jurors, the verdict shall be in writing and signed by each juror concurring therein."

Counsel for plaintiff in error argues in his brief that:

"It is clear that three-fourths of six jurors could never return a verdict, and, if it had been intended that five of the six jurors could render a verdict, it would have been easy to have said so; hence we are led to the conclusion that the clause in section 19 of the Constitution, above cited,   *   *   *   does not apply to a jury of six men in county courts, or in a justice of the peace court, and was never so intended."

We do not agree with counsel. It was the purpose of the constitutional convention and the people who adopted the Constitution to ameliorate somewhat the law's delay, and avoid, as far as was consistent with the inviolability of the jury system, hung juries in civil and the lesser grades of criminal cases. The case at bar illustrates the salutary effect of such a provision. Here is a case with only $25 involved in it, and, if the above clause of the Constitution was to receive the construction sought to be placed upon it by counsel for plaintiff in error, it would be necessary to reverse the judgment of the court below, remand the case for a new trial, work further delay, and add so greatly to the expense of the litigation as to make the cause upon its merits a trivial matter in comparison to the accumulated costs and expenses. There is of late a strong legislative trend toward the formulation of remedies and laws to prevent delay and unnecessary cost in litigation, and the courts ought not to hamper this laudable purpose by narrow and illiberal construction. We are convinced that the "three-fourths" mentioned in the foregoing clause of the Constitution was not intended to be an arbitrary number, but merely to indicate the *least number* of jurors sitting in a case that could return a valid verdict, whether the jury consisted of six or twelve members. The mere fact that it is impossible to secure the concurrence of three-fourths of six, the number of jurors in a civil case in a county court, does not, to our mind, indicate a purpose on the part of the constitutional convention and the people to make the provision applicable only to juries where twelve jurors sit. By this process of reasoning, a verdict returned by ten or eleven jurors in such a case would be

invalid, while a verdict returned by nine jurors, which is *exactly* three-fourths of a jury of twelve, would be valid. We decline to give this provision such a narrow construction. It is more reasonable to presume that the intention was to fix the minimum number of jurors who were authorized to return a verdict, whether the jury consisted of six or twelve members, and not to fix a hard and fast inhibition against the return of a verdict by any other number greater than three-fourths and less than the whole panel. With three-fourths or more of the jurors sitting concurring in the verdict, it is difficult to see how the constitutional right to a trial by jury of the person against whom the verdict was returned could be invalid. We are convinced that it was not the intention of the members of the constitutional convention or the people when they adopted the Constitution that the language "three-fourths of. the whole number of jurors concurring shall have power to render a verdict" should have relation only to juries consisting of twelve members.

The second question has been settled by this court in the case of *C., R. I. & P. Ry. Co. v. Mashore,* 21 Okla. 275, 96 Pac. 630. The third paragraph of the syllabus reads as follows:

"Section 1, c. 87 (section 6915), Wilson's Rev. & Ann. St. 1903, providing for an attorney's fee where an action is brought by any laborer, clerk, servant, nurse, or other person for compensation for personal services, to be recovered as costs, is in violation of the fourteenth amendment of the Constitution of the United States, and void."

The rule seems to be that, where the penalty has been imposed for some tortious or negligent act, the statute has generally, though not always, been sustained; but, on the contrary, where no wrongful or negligent conduct was imputed to the defeated party, any attempt to charge him with a penalty has not prevailed. *C., R. I. & P. Ry. Co. v. Mashore, supra.*

Entertaining these views of the case, it follows that the judgment of the court below must be modified by setting aside that part of it allowing the plaintiff fifteen dollars attorney's fee. In

all other particulars it is affirmed, the costs in this court to be divided equally between the parties.

All the Justices concur.