**RITER-CONLEY MFG. CO. v. WRYN.**

No. 8187—Opinion Filed July 23, 1918.

(174 Pac. 280.)

1. **Appeal and Error—Assignments of Error—Necessity.**

Where plaintiff fails to assign as error the overruling of a motion for a new trial, this court will not review the sufficiency of the evidence to support the verdict.

2. **Statutes—Special Legislation—Uniform Operation of General Laws.**

Sections 3765 and 3768. Rev. Laws 1910, are not in contravention of section 59, art. 5 of the Constitution of the state of Oklahoma.

3. **Constitutional Law—Fourteenth Amendment—False Inducement to Enter Employment.**

That part of section 3768, which provides that, "in addition to the actual damages that a workman may have sustained, he shall be entitled to recover such reasonable attorney's fee as the jury may fix," is not violative of the fourteenth amendment of the Constitution of the United States.

(Syllabus by Collier, C.)

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by Frank Wryn against the Riter-Conley Manufacturing Company, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

Everest & Campbell and Sherman, Veasey & O'Meara, for plaintiff in error.

Twyford & Smith and John R. Hadley, for defendant in error.

Opinion by COLLIER, C. This is an action brought by the defendant in error against the plaintiff in error, to recover damages alleged to have been suffered by the plaintiff in error by reason that the defendant in error wrongfully and falsely failed to represent to him, at the time of his employment, that there were labor troubles, strikes, or lockouts at or around the place where the plaintiff was employed to work in Oklahoma, and $150 attorney's fee.

Hereinafter the parties will be designated as they were in the trial court.

The evidence is voluminous, and we think that it is not necessary for a proper understanding of this case it set out in detail, but it is sufficient to state that the unquestioned evidence is that the plaintiff was a resident of Kansas City, Mo., was a structural iron worker by trade; that he was employed in Kansas City to come to this state and work for the defendant as a tank builder; that he was directed to go to Norfolk, Okla.; that on arriving near Norfolk he was informed that there was a strike, and later looked out and saw armed men at Norfolk, the field in which defendant was operating, and where plaintiff was to work; that he did not stop at Norfolk; that he never went to the field in which defendant was operating; that he never worked for the defendant, but went to Cushing; that afterwards an agent of defendant offered to send plaintiff back to Kansas City and said defendant's agent and said plaintiff could not agree as to the amount to be paid the plaintiff in settlement. There was also uncontradicted evidence in the case showing that, if the plaintiff was entitled to recover at all in this case, he was entitled to recover an amount certainly as great as the amount of the verdict rendered. The evidence was in conflict as to whether the party employing the plaintiff was in so doing the agent of the defendant, and whether or not the plaintiff at the time of his employment was informed by the agent of defendant that

there were labor troubles in the vicinity to which he was to be sent.

It was stipulated that, if the plaintiff was entitled to any attorney's fees at all, the evidence would show that $150 would be a reasonable attorney's fee. The jury returned a verdict in favor of the plaintiff for the sum of $26 and answered interrogations as follows:

"(1) Did the defendant, by its agents, represent to the plaintiff, before he left Kansas City, there were no strike or labor troubles in the oil fields in Oklahoma, where the plaintiff was to be carried for the purpose of working for the defendant? Answer: No.

"(2) Did the defendant, by its agent, inform the plaintiff, before he left Kansas City, there were strike or labor troubles in the oil fields in Oklahoma, where the plaintiff was to be carried for the purpose of working for the defendant? Answer: No."

The defendant timely moved for a new trial, which was overruled and excepted to. Later the court entered a judgment against the defendant for the sum of $26 and for the additional sum of $150 attorney's fee. To the rendition of this judgment the defendant excepted, and perfected an appeal to this court.

The defendant assigns the following errors:

"First There was no evidence upon which to base the finding of the jury.

"Second. There was no valid law authorizing the court to render judgment for $150 attorney's fee in favor of the plaintiff.

"Third. The entire statute under which the action was brought is unconstitutional.

"Fourth. The particular part of the statute which allows the recovery of attorney's fees, is unconstitutional."

The overruling of the motion for a new trial not being assigned as error, errors occurring during the trial cannot be considered by this court. Vandenburg v. Winne, 55 Okla. 679, 155 Pac. 245; Nichols v. Dexter, 52 Okla. 152, 152 Pac. 817; Millus v. Lowrey Bros., 63 Okla. 261, 164 Pac. 663, L. R. A. 1918B, 336; Cleveland v. Lampkin. 65 Okla. 159, 165 Pac. 159.

It follows that the only question presented for review, is as to the constitutionality of sections 3765 and 3768, Rev. Laws 1910, under the Constitution of this state; and is that part of said section 3768, which provides for including as costs and attorney's fee in the event of the recovery of damages, in conflict with the fourteenth amendment of the Constitution of the United States?

Sections 3765, 3766, and 3768 of the Revised Laws of Oklahoma (1910) were enacted at one and the same time (Session Laws 1907-08, p. 514), and should be construed together.

Section 3765 reads:

"It shall be unlawful for any employer of labor doing business in the state, to induce, influence, persuade or engage workmen to change from one place to another in the state, or to bring workmen of any class or calling into the state to work in any of the departments of labor, through or by means of false or deceptive representations, false advertising or false pretenses concerning the kind and character of the work to be done, or amount and character of the compensation to be paid for such work, or the sanitary or other conditions of employment, or as to the existence or nonexistence of a strike or other trouble pending between employer and employes, at the time of or prior to such engagement. Failure to state in an advertisement, proposal or contract for the employment of workmen that there is a strike, lockout or other labor trouble at the place of the proposed employment, when, in fact, such strike, lockout or other labor troubles then actually exist at such place, shall be deemed a false advertisement and misrepresentation for the purposes of this section."

Section 3766 reads:

"Any employer of labor of any kind doing business in this state, as well as its agent, attorney or servant found guilty of violating the preceding section, or any part thereof, shall be fined not less than five hundred dollars and not exceeding two thousand dollars, or confined in the county jail not less than one month and not exceeding one year, or both such fine and imprisonment."

Section 3768 reads:

"Any workman who shall be influenced, induced or persuaded to engage with any persons mentioned in section 3765, through or by means of, any of the things therein prohibited, shall have the right of action for recovery of all damages that he has sustained in consequence of the false or deceptive representation, false advertisement and false pretenses used to induce him to change his place of employment, against such companies, corporations, or other employers of labor directly or indirectly causing such damages, and, in addition to all actual damages such workman may have sustained, he shall be entitled to recover such reasonable attorney's fees as the jury shall fix, to be taxed as costs in any judgment recovered."

The contention of the defendant is:

"(1) That the statute in toto is void because it violates section 59 (article 5) of the Constitution of this state. (2) That that part of section 3768, allowing attorney's fee in case of recovery, is in violation of the fourteenth amendment of the Constitution of the United States."

Section 59, art. 5, of the Constitution of this state reads:

"Laws of a general nature shall have a uniform operation throughout the state, and where a general law can be made applicable no special law shall be enacted."

The fourteenth amendment of the Constitution of the United States reads:

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the law."

The instant case is brought under section 3768, and therefore it clearly appears that the law involved in this action is the exercise of a police power, and the attorney's fees given under section 3768, Revised Laws, is an additional penalty imposed.

In Arkansas Ins. Co. v. McManus, 86 Ark. 115, 110 S. W. 797, it is held:

"The statute of 1905, providing for the collection of a 12 per cent. penalty and reasonable attorney's fees from an insurer who fails to pay a loss within the time prescribed by the policy after demand, is not unconstitutional as a denial of equal protection of the laws, nor as a deprivation of property without due process of law."

This holding finds support in Union Central Life Ins. Co. v. Chowning, 86 Tex. 654, 26 S. W. 982, 24 L. R. A 504; N. Y. Life Ins. Co v. Orlopp, 25 Tex. Civ. App. 284, 61 S. W. 336; Merchants' Life Ass'n v. Yoakum, 98 Fed. 251, 39 C. C. A. 56; and by the Supreme Court of the United States in Fidelity Mutual Life Ass'n v. Mettler, 185 U. S. 308, 22 Sup. Ct. 662, 46 L. Ed. 922; Iowa Life Ins. Co. v. Lewis, 187 U. S. 335, 23 Sup. Ct. 126, 47 L. Ed. 204. The Texas court held that the statute could be sustained as a proper exercise of the police power of the state, and the Circuit Court of Appeals seems to have based its conclusion on the same ground, as the opinion quotes at length from the opinion in Railway Co. v. Matthews, 174 U. S. 96, 19 Sup. Ct. 609, 43 L. Ed. 909, upholding, as a proper exercise of the police power, a statute of the state of Kansas relating to the liability of railroads for

damages by fire, and providing that in all actions against railroad companies to recover such damages the plaintiff may recover a reasonable attorney's fee as a part of the judgment.

The Supreme Court of Nebraska upholds a statute which provides that, in actions on insurance policies in cases of total loss by fire, the plaintiff may recover an attorney's fee. The court in rendering judgment against an insurance company upon any such policies of insurance shall allow the plaintiff a reasonable sum as an attorney's fee, to be taxed as a part of the costs. Farmers' Mutual Ins. Co. v. Cole, 4 Neb. (Unof.) 130, 93 N. W. 730; Lancashire Ins. Co. v. Bush, 60 Neb. 116, 82 N. W. 313; Farmers' & Merchants' Ins. Co. v. Dobney, 62 Neb. 213, 86 N. W. 1070, 97 Am. St. Rep. 624.

The Supreme Court of the United States, in Insurance Co. v. Dobney, 189 U. S. 301, 23 Sup. Ct. 565, 47 L. Ed. 821, following the doctrine of the Mettler Case, and affirming the decision of the Supreme Court of Nebraska, also upheld the statute. In the Dobney Case the line of reasoning would seem to indicate that the court meant to uphold the Nebraska statute as the exercise of the police power of the state, though it is not expressly so stated in the opinion.

The Supreme Court of Kansas upheld a similar statute in British Am. Assur. Co. v. Bradford, 60 Kan. 82, 55 Pac. 335. In the opinion in that case, by Chief Justice Doster, the court said:

"Fire insurance has come to be a business public in its nature, * * * and is therefore properly a subject of legislative regulation. The state is interested in the preservation of the property of its citizens, that the general values of the commonwealth may not be impaired. Especially is it interested in the preservation of its homes and their rebuilding when destroyed. To the end that insurance companies may be compelled to respect the obligations voluntarily taken upon themselves to subserve the policies of the state in these respects, the Legislature may rightfully impose upon them the repayment to insurers of attorney's fees necessarily incurred in suits to make good their delinquencies. To do so is no violation of the fourteenth amendment, declaring that 'no state shall deny to any person within its jurisdiction the equal protection of the law.' "

The Supreme Court of Florida has upheld a statute of that state authorizing the recovery of reasonable attorney's fees against life and fire insurance companies in suits upon

policies. Tillis v. Liverpool Life Ins. Co., 46 Fla. 268, 35 South. 171, 110 Am. St. Rep. 111;. Hartford Fire Ins. Co. v. Redding, 47 Fla. 228, 37 South. 62, 67 L. R. A. 518, 110 Am. St. Rep. 118.

In Lancashire Ins. Co. v. Abbie Bush et al., 60 Neb. 116, 82 N. W. 313, it is held:

"The provisions of section 3, of the Valued Policy Law is as follows: 'The court upon as costs of a reasonable attorney's fee upon rendering judgment against an insurance company on a contract insuring real estate is grounded on considerations of public policy and is constitutional."

In the body of the opinion it is said (60 Neb. 122, 82 N. W. 314):

"The question remaining yet to be considered is the validity of the statute under which the court acted in taxing an attorney fee of $150 against the company as part of the costs. The third section of the Valued Policy Law is as follows: 'The court upon rendering judgment against an insurance company upon any such policy of insurance shall allow the plaintiff a reasonable sum as an attorney's fee, to be taxed as part of the costs.' * * * It is argued by counsel for the company that this provision of the act goes beyond the limits of valid legislation; that is, is partial and oppressive, and denies to insurers of real property the equal protection of the laws. In Insurance Co. of North America v. Bachelor, 44 Neb. 549 (62 N. W. 911), the law was assailed as being unconstitutional; but the court held, in an opinion by Commissioner Ragan, that it was a warrantable exercise of legislative power. In other cases judgments of the district court were affirmed on the assumption that the law authorizing the taxation of attorney's fees against insurance companies was a constitutional and valid law. German Ins. Co. v. Eddy, 37 Neb. 461 (55 N. W. 1073); Hanover Fire Ins. Co. v. Gustin, 40 Neb. 828 (59 N. W. 375); Home Fire Ins. Co. v. Skoulmal, 51 Neb. 655 (71 N. W. 290); Hartford Fire Ins. Co. v. Corey, 53 Neb. 209 (73 N. W. 674); Home Fire Ins. Co. Co v Weed, 55 Neb. 146 (75 N. W. 539). These decisions are vigorously attacked; but we are convinced, as the result of further investigation of the subject, that they are sound and should be adhered to. There is nothing in the Constitution of the United States or of this state which forbids classification of subjects for the purpose of legislation. Barbier v. Connolly, 113 U. S. 27 (5 Sup. Ct. 357, 28 L. Ed. 923); Atchison, T. & S. F. R. Co. v Matthews, 174 U S. 96 (19 Sup. Ct. 609, 43 L. Ed. 909); State v. Farmers' & Merchants' Irrigation Co. (59 Neb. 1, 80 N. W. 52), supra. * * * The Legislature was, we think, within its constitutional power in selecting this class of insurance companies from all other litigants, and subjecting them.

if successful, to the payment of attorneys' fees, because experience and observation had shown that the defenses upon which they generally rely are without merit and constructed out of some of the forfeiture clauses with which their policies are thronged. The law in question was designed to repress an evil practice, to advance public interest, and promote justice. It was an exercise of legislative power justified by considerations of public policy. Similar statutes have been held valid in other jurisdictions. * * * Kansas P. R. Co. v. Matthews, 58 Kan. 447 (49 Pac. 602); Peoria, D. & E. R. Co. v. Duggan, 109 Ill. 537 (50 Am. Rep. 619); Perkins v. St. Louis, I. M. & S. R Co., 103 Mo. 52 (15 S. W. 320, 11 L. R. A. 426); Burlington, C. R. & N. R. Co. v. Dey, 82 Iowa, 312 (48 N. W. 98, 12 L. R A. 336, 31 Am. St. Rep. 477); Wortman v. Kleinschmidt, 12 Mont. 316 (30 Pac. 280); Cameron v. Chicago, M. & S. P. R. Co., 63 Minn. 384 (65 N. W. 652, 31 L. R. A. 553); Vogel v. Pekoc, 157 Ill. 339 (42 N. E. 386, 30 L. R. A. 491)."

In Harp v. Fireman's Fund Ins. Co., 130 Ga. 726, 61 S. E. 704, 14 Ann. Cas. 299, it is held:

"The Civil Code, § 2140, providing for the recovery of damages and attorney's fees against insurance companies, is not violative of section 1 of the fourteenth amendment of the Constitution of the United States, nor of any of the provisions of paragraphs 2, 3, and 4 of article 1 of the Constitution of the state of Georgia."

In Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. John A. Hamilton, 200 Ill. 633, 66 N. E. 389, it is held:

"The provision of sections 1 and 1½ of the act on fencing and operating railroads, authorizing the recovery of resulting damages and reasonable attorney's fees in any court where suit is brought or to which the case may be appealed in case of violations of the act, is constitutional."

In the body of the opinion it is said:

"The regulation designed to prevent the starting or spreading of fire has regard to the public welfare, and is within the police power. It does not seem to be denied that the Legislature may impose a penalty for the failure to comply with the requirement; but it is argued that this provision for attorney's fees is not a penalty for a failure to keep the right of way clear from dead * * * material, but rather an attempt to impose a penalty for exercising the right to resort to the courts for the purpose of securing justice by defending against exorbitant or illegal demands. Corporations have equal rights with natural persons to defend against claims which they believe to be illegal or exorbitant; but this statute does not provide

for the recovery of attorney's fees, unless it shall be judicially determined that the defendant had neglected its duty and been guilty of a violation of the statute. If no damages are recovered, there can be no attorney's fees; and, if the corporation deems the demand exorbitant, it is entitled to make a tender of the actual damages. Inasmuch as the statute does not provide for attorney's fees except upon proof of the violation of the duty, we do not regard the statute subject to the objection made in the argument."

In Dow v. Beidelman, 49 Ark. 455, 5 S. W. 718, it is held:

"The Act of April 4, 1887, to regulate the rates of charges for the carriage of passengers by railroads, provides that for an overcharge beyond the maximum fixed by the act the company, or person operating the road, shall forfeit and pay not less than $50, nor more than $300 and costs of suit, including a reasonable attorney's fee. Held, that the attorney's fee is a part of the penalty for the willful violation of the provisions of the act, and stands upon the same footing as the money judgment to be recovered; and including it as part of the penalty does not make the act obnoxious to the objection of being partial and unequal legislation."

In the body of the opinion it is said:

"An attorney's fee may be included as a part of the penalty imposed for noncompliance with the duty imposed without rendering the statute obnoxious to the objection of being partial and unequal legislation. P. D. & E. Ry. Co. v. Duggan, 109 Ill. 537 (50 Am. Rep. 619); R. P. Ry. Co. v. Yanz, 16 Kan. 538 (583); Mo. Pac. Ry. Co. v. Abney, 30 Kan. 41 (1 Pac. 385)."

In Burlington, Cedar Rapids & Northern Ry. Co. v. Peter D. Dey et al., 82 Iowa, 312, 48 N. W. 98, 12 L. R. A. 436, 31 Am. St. Rep. 477, it is held:

"The provision in said act entitling the plaintiff in actions against a railroad company for a breach of its provisions to recover in addition to the damages therein provided for, an attorney's fee, grants no privilege to such litigants that is forbidden by the Constitution; nor can it be regarded as imposing a penalty upon the exercise of the right of defense."

We are not cited in either brief to a decision of this court which is decisive of the questions at issue, and, after a most diligent search, are unable to find that said questions have heretofore been passed upon by this court. There have been only two cases passed upon by this court in which the constitutionality of the provision for the recovery of an attorney's fee as part of the cost (C., R. I. & P. Ry. Co. v. Mashore, 21 Okla. 275, 96

Pac. 630, 17 Ann. Cas. 277, and Oligschlager v. Stephenson, 24 Okla. 760, 104 Pac. 345) is involved, and in said last-named case Chief Jusice Kane said:

"The rule seems to be that, where the penalty has been imposed for some tortious or negligent act, the statute has generally, though not always, been sustained; but, on the contrary, where no wrongful or negligent conduct was imputed to the defeated party, any attempt to charge him with a penalty has not prevailed."

We think that there is no difficulty in differentiating the cases of C., R. I. & P. Ry. Co. v. Mashore and Oligschlager v. Stephenson, supra, with the holding in the instant case; the rule prescribed in said cases being that in actions on contract the provision of the allowance, as part of the costs of an attorney's fee for the plaintiff in event of recovery, and no provision for a like fee to the defendant upon a successful defense, is a violation of the Constitution of this state and the fourteenth amendment of the Constitution of the United States, and the holding in said cases is abundantly sustained by authorities. While in the instant case the action is based upon the violation of a police regulation and provides for the taxing of an attorney's fee as a part of the costs as a penalty, it therefore appears that the holding in this case is not governed by, or in conflict with, said cases of Oligschlager v. Stephenson, supra, and C., R. I. & P. Ry. Co. v. Mashore, supra, or either one of them.

In short, in cases based upon an assumpsit, as were the cases of Oligschlager v. Stephenson, supra, and C., R. I. & P. Ry. Co. v. Mashore, supra, the right of the plaintiff, in event of recovery, to recover an attorney's fee as a part of the costs, without a similar provision for the opposing party in event of success, was unconstitutional, while the provision as to recovery of an attorney's fee as part of the costs alone by the plaintiff and no provision for recovery of an attorney's fee in event of success on the part of the defendant, as in the instant case, the said action being based upon the violation of a police regulation and such an attorney's fee being in the nature of a penalty, does not violate any provision of the Constitution of this state or the fourteenth amendment of the Constitution of the United States.

"A statute will not be declared invalid as being repugnant to the provisions of the Constitution, unless such repugnancy is clear and appears beyond * * * doubt." Rakowski v. Wagoner, 24 Okla. 282, 103 Pac. 632.

"It is not on slight implication and vague

conjecture that the Legislature is to be pronounced to have transcended its powers and its acts to be considered as void. The opposition between the Constitution and the law should be such that the judge feels a clear and strong conviction of their incompatibility with each other." Anderson v. Ritterbusch, 22 Okla. 761, 98 Pac. 1002.

Sections 3765 and 3768 are the exercise of the police power of the state, in part for the protection of this commonwealth from the turmoil and strife that would probably result upon the importation of laborers, at a place and business where a strike is on, and that the state has a right to penalize a violator of said sections 3765 and 3768 by providing an attorney's fee for the workman who has been, in violation of said sections, induced to accept employment without being advised of the existence of a strike in the field in which he is employed to work, and we are unable to agree with the contention of defendant that providing for an attorney's fee, in the event of recovery by the workman, as a part of the cost, is violative of the fourteenth amendment of the Constitution of the United States, or that said sections 3765 and 3768 are violative of the Constitution of this state.

It cannot be denied that the authorities as to the constitutionality of allowing a plaintiff an attorney's fee in successful actions, and not providing for an attorney's fee for the defendant, if successful, are not entirely harmonious. But we are of the opinion that the weight of authority, and the best-reasoned cases, force the conclusion that the provision for the recovery of an attorney's fee on the part of the plaintiff under section 3768, supra, is not in contravention of any provision of the fourteenth amendment of the constitution of the United States, or of section 59, art. 5, of the Constitution of this state.

We are unable to agree with the contention of the defendant that the statutes under review are "an attempt to regulate commerce among the states." We have not been cited to, nor have we been able to find, any federal regulation upon the subject involved. It was decided in the Missouri Pacific Ry. Co. v. Larabee Mills, 211 U. S. 612, 29 Sup. Ct. 214, 53 L. Ed. 352.

"That the mere creation of the Interstate Commerce Commission and the grant to it of a large measure of control over interstate commerce does not of itself and in the absence of action by it, change the rule that Congress by non action leaves power in the states over merely incidental matters. "In other words," and we quote from the opin-

ion [211 U. S.] page 623 (29 Sup. Ct. 218, 53 L. Ed. 352], "the mere grant of Congress to the commission of certain national powers in respect to interstate commerce does not of itself and in the absence of action by the commission interfere with the authority of the state to make those regulations conducive to the welfare and convenience of its citizens." "Until specific action by Congress or the commission, the control of the state over those incidental matters remains undisturbed."

We are unable to see that the cases cited by the defendant, International Text-Book Co. v. Pigge, 217 U. S. 91, 30 Sup. Ct. 481, 54 L. Ed. 678, 27 L. R. A. (N. S.) 493, 18 Ann. Cas. 1103; Cincinnati, N. O. & T. P. R. Co. v. Rankin, 154 Ky. 549, 157 S. W. 926; Stubbs v. People, 40 Colo. 414, 90 Pac. 1114, 11 L. R. A. (N. S.) 1071, 122 Am. St. Rep. 1068, 13 Ann. Cas. 1025—in support of its contention that the statute under review "is an attempt to regulate commerce among the states, and to punish a defendant for an act committed in a sister state," throw any light whatever upon said question.

Finding no error in the record, this case is affirmed.

It appearing from the record that a supersedeas bond was given by the defendant in this case, with the Fidelity & Deposit Company of Maryland, a corporation as surety, it is hereby ordered that the plaintiff have and recover of and from the said Fidelity & Deposit Company of Maryland $176, with interest thereon from the 4th day of October, 1915, at 6 per cent. per annum, and costs.

By the Court: It is so ordered.